## McGAHAN v. CRAWFORD.

1. EVIDENCE—SECONDARY EVIDENCE—OBJECTIONS—CERTIFIED COPIES.—At a reference to take testimony, the books containing records of conveyances and assignments were introduced, defendants stating that they did not object on the ground that the originals or the copies of the records are not introduced, but reserved the right to object on any other ground. At hearing on Circuit, the admission of the records was objected to on the ground that ten days notice of intention to introduce certified copies had not been given. *Held*, that such notice was waived by defendant. MR. CHIEF JUSTICE McIVER *dissenting*.

2. ADMISSIONS—DECLARATIONS—EVIDENCE.—Admissions by a party to a suit against interest taken *de bene esse* by consent, and voluntarily given, are competent evidence. *Divided Court*.
Are such admissions, made during a regular examination *de bene esse*, competent evidence?

3. FINDING OF FACT by Circuit Judge as to insolvency sustained.

4. FINDINGS of Circuit Judge, that the assignment and conveyances in question were in violation of the assignment act, sustained.

5. FINDING of Circuit Judge as to possession of property sustained.

6. ACCOUNTING—RENTS AND PROFITS—DEBTOR AND CREDITOR—ASSIGNMENT ACT.—Where a creditor accepts property from his debtor

in payment of a debt, without fraud on his part, he will not be required to account for rents and profits, although such transfer be afterwards set aside, because in violation of the assignment law.

7. DEBTOR AND CREDITOR—PERSONAL PROPERTY—REAL PROPERTY—ACCOUNTING—ASSIGNMENT ACT.—Where a creditor receives of his debtor personal property in payment of debt, he must account for same, when such transaction is set aside as in violation of the assignment act; and if he receive real estate in same way, and alienate same, he must, under like circumstances, account for its value.

Before EARLE, J., Laurens, October, 1895.   Modified.

The following are the pleadings:

The above named plaintiffs, complaining, by way of amended complaint, for themselves and all other creditors of the defendants, D. R. & W. R. Crawford, who will join in and bear their *pro rata* share of the expense of this suit, allege: 1st. That, at the time hereinafter mentioned, Edwin Bates, Thomas R. McGahan, and Charles K. Bates were partners in trade, doing business under the style and firm name of Edwin Bates & Company, and that on the          day of       , 18  , the said Edwin Bates departed this life, leaving the said plaintiffs, Thomas R. McGahan and Charles K. Bates, surviving members of said firm, who now own the judgment hereinafter mentioned.   2d. That now, and at the time hereinafter mentioned, said defendants, D. R. Crawford and W. R. Crawford, are and were partners in trade, doing business under the style and firm name of D. R. & W. R. Crawford.   3d. That on the          day of February, A. D. 1885, the said firm of Edwin Bates & Company obtained judgment in the Court of Common Pleas for said county against said defendants, D. R. & W. R. Crawford, in the sum of $760.85, and $31.30 costs, which said judgment was duly enrolled in the office of clerk of said court on March 5th, 1885.   4th. That execution was duly issued on the said judgment on May 14th, 1890, directed to B. F. Ballew, sheriff of said county, who, on the          day of       , 1890, returned the same wholly unsatisfied.   5th. That at the date of said judgment, and for

more than twelve months prior thereto, and ever since, said defendants, D. R. & W. R. Crawford, were and are totally insolvent. 6th. That on or about the    day of January, A. D. 1885, said defendants, D. R. & W. R. Crawford, being largely indebted to these plaintiffs and others, and being totally and absolutely insolvent, purported and attempted to assign, transfer, convey, and set over to one of their creditors, their sister, D. M. Crawford, their codefendant herein, their entire property, both real and personal, and that a list of the same is hereto attached and made a part of this complaint. 7th. That said alleged assignment and conveyance was premeditated and prearranged by and between said defendants, for the purpose of defrauding, defeating, and delaying creditors of the said D. R. & W. R. Crawford, and that the same was without consideration, and was a fraud on said creditors, and void. 8th. That the said defendant, D. M. Crawford, knew of the insolvency of her codefendants as well as they knew at the date of said so-called conveyance and assignment, and she knew they covered their entire property. 9th. That said conveyance and assignment was given and accepted, by and between said parties, for the purpose and with the view and intent of defeating, defrauding, delaying, and hindering creditors of said D. R. & W. R. Crawford. 10th. That said transfer or assignment covered the entire property of said defendants, D. R. & W. R. Crawford, and is tantamount to an assignment, and was executed in violation of the laws of this State, and was an attempt to evade the assignment act, and more, to transfer their property to their codefendants, without consideration, to defraud their creditors. 11th. That said defendants, D. R. & W. R. Crawford, have been in possession of said property all the while, receiving the use and benefit thereof, and generally using it as their own, but neglect and refuse to apply any part thereof, or the proceeds arising therefrom, in extinguishment of their debts. 12th. That there is great, imminent, and immediate danger of said property being lost and placed forever beyond reach

of creditors of D. R. & W. R. Crawford.    13th.  That said defendants, D. R. & W. R. Crawford, have no othe property out of which plaintiffs can make their debt, and plaintiffs have no adequate remedy by which to recover the same. 14th.  That the fraud above set out and the facts constituting the same were not discovered by the plaintiffs until within the last six years.

Wherefore plaintiffs ask judgment: 1st.  That said transfer, conveyance or assignment be set aside, and be declared null and void.    2d.  That said defendants account for said property, and the rents and profits thereof.    3d.  That said defendants, their agents, servants or assigns, be enjoined and restrained from transferring or disposing of said property or in any manner interfering with the same.    4th.  That a receiver of said property be appointed, to whom it shall be delivered.    5th.  That all other creditors of the said D. R. & W. R. Crawford be enjoined from prosecuting their claims against them except in or through this action.    6th.  That plaintiffs have the costs of this action, together with such other and further relief as to the Court shall seem just and equitable.

The separate answer of D. M. Crawford, a defendant in the above stated action, respectfully shows to the Court: 1. She denies each and every allegation of the complaint, except as hereinafter specifically admitted.    2. She admits that she was a creditor of D. R. & W. R. Crawford, and she alleges that all conveyances and transfers made to her by the said D. R. & W. R. Crawford were made in payment of the debt which she held against them.    3. She alleges that each of the several tracts of land conveyed to her by the said D. R. & W. R. Crawford was heavily encumbered by mortgage, and that upon each of said mortgages she has made payments, as to which she asks the protection of the Court, and that she be subrogated to the rights of the original mortgagees.    4. That as to the allegations contained in paragraphs one, three, four, and five of

the complaint, she has no knowledge or information suffi-
cient to form a belief, and she denies the same.   As to the
allegations contained in the remaining paragraphs of the
complaint, she denies of her own knowledge, except as
hereinbefore admitted in her answer.

Wherefore, she prays: 1st. That the complaint be dis-
missed with costs.   2d. Failing in this, that she be subro-
gated to all the rights of creditors whose debts she has paid.
3d. For such other and further relief as may be just.

The defendants, D. R. & W. R. Crawford, through their
attorneys, Ferguson & Featherstone, answer the amended
complaint herein as follows: 1. They deny each and every
allegation of the complaint, except as hereinafter admitted.
2. They have no knowledge or information sufficient to
form a belief as to the allegations contained in paragraphs
one, three, and four of the complaint, and, therefore, deny
the same.   3. They deny of their own knowledge the alle-
gations contained in paragraphs two, five, seven, eight, nine,
ten, eleven, twelve, thirteen, and fourteen of the complaint.
4. They admit so much of paragraph six of complaint as
alleges the conveyance to their sister, D. M. Crawford, of
certain tracts of land, and assignments of certain choses in
action; and they also admit that said D. M. Crawford was
a creditor of these defendants; but they deny that said con-
veyances and assignments covered their entire property, and
every other allegation of said paragraph.   5. By way of
defense to plaintiffs' supposed cause of action, the said de-
fendants allege: That at the time the said conveyances and
assignments were executed to said D. M. Crawford, these
defendants were considerably indebted to her, and that they
merely intended to convey her certain property belonging
to them in payment of her debt; the consideration of the
said conveyances and assignments being that she would as-
sume and pay certain mortgages hanging over the tracts of
land so conveyed to her—amounting to almost, if not en-
tirely, as much as the said land was worth—and release her

debt in part; that the said conveyances and assignments were *bona fide* transactions, and were executed in good faith, and without the slightest idea of defrauding anybody.

Wherefore, the said defendants demand judgment for the dismissal of the complaint with costs.

The following is the Circuit decree:

This action was brought by the plaintiffs, judgment creditors of D. R. & W. R. Crawford, December 20th, 1890, having exhausted their legal remedy by a return of *nulla bona*, the object of which was to set aside various conveyances, assignments, and transfers of both real and personal property to their codefendant, their sister, D. M. Crawford, on the grounds that they were in violation of the assignment law of this State and also obnoxious to the Statutes of Elizabeth. The cause was first heard by Judge Fraser, who dismissed the complaint on the ground that it failed to allege that D. M. Crawford was a creditor of D. R. & W. R. Crawford. The Supreme Court reversed this decree, remanding the cause, allowing plaintiffs leave to amend, which amendment was effected. The cause came on for trial before me at the September term of Court, 1895, upon the testimony taken before a special referee and upon the pleadings.

Before discussing or deciding the case upon its merits, we are met with the preliminary question which must be disposed of. The plaintiffs offered in evidence certain books, records, and papers from the office of clerk of court and register of mesne conveyance for said county, containing the records of conveyances, assignments, and transfers of real and personal property, including choses in action, by D. R. & W. R. Crawford to D. M. Crawford. The defendants' attorneys consented for the books and papers to be introduced, waiving the production of the original or certified copies of the same, under the statute reserving the right to object to their admissibility on other grounds. At the hearing of the cause it was objected to the books and papers being used, on the ground that same were incompetent in the ab-

sence of ten days notice of intention to offer certified copies
of the same in evidence.    It appears it was generally con-
ceded the originals had been burned or lost.    I hold that
the notice was waived by the defendants when they allowed
the books and papers introduced in lieu of the original or
certified copies.    Again, the testimony of N. B. Dial, a wit-
ness on behalf of plaintiffs, was objected to on the ground
he could not state what the defendant, D. M. Crawford, tes-
tified to when examined as a witness heretofore in this case.
I hold, she being a party to the suit, that any declarations
or admission made by her against her interest, either in or
out of Court, can be established by any one who was pre-
sent and heard the testimony.

From the circumstances and testimony of the case, I find
that the defendants, D. R. & W. R. Crawford, were insol-
vent at the time the conveyances, transfers, and assignments
were made to their sister, D. M. Crawford, their codefendant;
and that they conveyed, assigned, and transferred to her all
of their property, consisting of two lots in the town of Gold-
ville, on which was erected one storeroom, and said lots
containing $1\frac{1}{4}$ acres, more or less, and bounded by lands of
J. S. Blalock, S. C. Hairston and others; their one-sixth in-
terest in 440 acres of land, known as the old James Crawford
home place, containing 440 acres, more or less, bounded by
lands then owned by John T. Young, J. M. Young, L. L.
Young, John C. Davis and others.    The Sallie P. Adams
tract, containing 338 acres, more or less, and bounded by
Little River, lands of John Wallace, D. R. Crawford and
others; 107 acres, bounded by lands of Ellen Lindsay, Ralph
Gary, Wm. Luck and others, and known as the Taylor land;
667 acres, bounded by lands of John D. Williams, F. W.
Nance place, C. L. Fuller and others, and known as the Cal.
Fuller place or William Phillips place; also, the following
notes, bonds, and mortgages, to wit: L. L. Young to D. R.
Crawford, for $335.45, bearing date March 24th, 1884; Geo.
Metts to D. R. Crawford, mortgage for $462.76, dated July
1st, 1884, over 232 acres; mortgage John A. Dice to D. R.

Crawford for $800, dated March 25th, 1884, over the Eichelberger place; mortgage of M. S. E. Satterwhite for $500; also, judgments against John A. Dice for $250; also, accounts against N. P. Whitmire for $150; also, a remnant of a stock of goods of the value of $100 at least; also, four mules.

I further hold that said conveyances, assignments, and transfers were in effect one transaction, and intended to be an evasion of the assignment law of this State, and to transfer the whole of their property to the said D. M. Crawford, who was one of their creditors, to give her an undue and illegal preference over their other creditors, but in legal effect they constitute an assignment, and are, therefore, null and void as to the other creditors. I further find that D. M. Crawford has been in possession of said property since January 6th, 1885, using the same and receiving the rents and profits thereof, and collecting and appropriating to her own use the choses in action.

Wherefore, it is ordered, decreed and adjudged, that said conveyances, assignments, and transfers be and the same are hereby set aside and declared null and void as to the creditors of D. R. & W. R. Crawford.

Further ordered, that F. P. McGowan, Esq., be and he is hereby appointed receiver to take charge of the property above mentioned, and of any other property embraced in said conveyances, assignments, and transfers not hereinbefore specifically enumerated, or any substitution thereof, upon his entering into bond in the sum of $5,000, with sufficient surety to be approved by the clerk of this court, conditioned for the faithful performance of his duties as said receiver.

Further ordered, upon said receiver executing said bond, the said D. R. & W. R. Crawford and D. M. Crawford surrender and turn over to him all of said property, and the defendant, D. M. Crawford, account for the annual value of the rents and use of the real property since January 6th, 1885, and for the personal property mentioned above as having been transferred and assigned to her, and any other if she received the same, or its value from the date of said

transfer. In case any of the above mentioned real estate has been *bona fide* alienated by the said D. M. Crawford before the commencement of this action, she should account for the value thereof.

Further ordered, that this cause be and the same is hereby referred back to the special referee, Col. H. Y. Simpson, who is hereby directed to advertise once a week for six consecutive weeks in one of the newspapers published at Laurens, S. C., for creditors of D. R. & W. R. Crawford to establish their claims before said referee herein on a day certain, failing so to do in said time, they are forever barred from participating in the distribution of the funds under this proceeding.

Further ordered, that said referee report to this Court the rank, amount, and character of the claims so presented, and that he ascertain and report a suitable fee for plaintiffs' attorneys in this action. Further ordered, that any one in interest have leave to apply at the foot of this decree for such order as may be necessary to carry the same fully into effect. It is not intended to adjudicate anything in this decree concerning the right of D. M. Crawford to set up payments made by her on the mortgages covering the property, if any such there be, if she made any such payments, nor as to any independent title to any of said property which she may have acquired.

From this decree the defendants appeal on following exceptions:

I. Because the presiding Judge erred in holding that the defendants' attorneys "consented for the books and papers to be introduced, waiving the production of the originals, or certified copies of same, under the statute," the Judge having reference to the books and records from the office of the register of mesne conveyances, offered by plaintiffs to show certain transfers and assignments from D. R. & W. R. Crawford to D. M. Crawford.

II. Because he erred in allowing plaintiffs to prove said

transfers and assignments by the said books, and in not sustaining defendants' objections thereto.

III. Because he erred in admitting the testimony of N. B. Dial as to what the defendant, D. M. Crawford, testified to before L. W. Simkins, when she was examined under the *de bene esse* act and as plaintiff's witness.

IV. Because he erred in holding: "It appears it was generally conceded the originals had been burned or lost," in reference to conveyances from D. R. & W. R. Crawford to D. M. Crawford.

V. Because he erred in holding that D. R. & W. R. Crawford were insolvent at the time they made certain conveyances to D. M. Crawford.

VI. Because he erred in holding that said conveyances embraced and covered all the property of the said D. R. & W. R. Crawford, and were intended as an assignment, and are, therefore, null and void.

VII. Because he erred in finding that said conveyances were made, and embraced the property described in the decree, when, it is respectfully submitted, there is no competent testimony to show said conveyances, or what property they embraced.

VIII. Because he erred in holding that said conveyances, assignments, and transfers were in effect one transaction, and intended to be an evasion of the assignment law of this State, and to transfer the whole of the property of said D. R. & W. R. Crawford to D. M. Crawford.

IX. Because he erred in finding as a matter of fact that D. M. Crawford has been in possession of said property since January 6, 1885, using the same and receiving the rents and profits thereof, and collecting and appropriating to her own use the choses in action.

X. Because he erred in holding that D. M. Crawford must account for the annual value of the rents and use of said lands since January 6th, 1885.

XI. Because he erred in holding that D. M. Crawford must account for the value of any of said property she may

have *bona fide* alienated before the commencement of this action.

. XII. Because he erred in holding that there was any competent evidence to show that D. R. & W. R. Crawford ever assigned and transferred to D. M. Crawford the real estate and choses in action which he orders turned over to the receiver.

*Messrs. Furgeson & Featherstone*, for appellants, cite: *Reproduction of testimony:* 1 N. & McC., 409; 9 Rich. Eq., 431; 5 S. C., 281; Code, 391; 30 Barb., 338; 47 Barb., 419; 50 Barb., 379. *Admissions:* 9 Ency., 838; 1 Phil. on Ev., 372; 1 N. & McC., 412. *Secondary evidence:* 22 S. C., 365. *Rents and profits:* 14 S. C., 292; 42 S. C., 536. *Assignment:* 38 S. C., 457; 43 S. C., 457.

*Messrs. N. B. Dial* and *W. H. Martin*, contra, cite: *Declarations against interest:* 35 S. C., 549.

July 23; 1896. The opinion of the Court was delivered by

Mr. Justice Jones. In January, 1885, the defendants, D. R. & W. R. Crawford, being in debt to the plaintiffs and others, transferred and conveyed to their sister and codefendant, Miss D. M. Crawford, certain real and personal property. On the 20th day of December, 1890, plaintiffs commenced an action to set aside these transfers and conveyances, on the ground, first, of actual fraud, and, second, as in violation of the assignment act of this State. To the complaint, as a part thereof, was attached a list of the property alleged to have been conveyed and assigned. The defendants answered, denying all allegations of fraud, and alleging that the conveyances and transfers were *bona fide* and for value.

The cause was heard by Judge Fraser, at February term, . 1892, and he dismissed the complaint, holding that there was not sufficient evidence of actual fraud; and there being no allegation in the complaint that Miss D. M. Crawford was a creditor of D. R. & W. R. Crawford, that no case

was made out under the assignment act. On appeal, this Court remanded the case for a new trial, with leave to the plaintiffs to apply for amendments to the complaint, if so advised. 39 S. C., 64. The complaint was then amended, and the cause was referred to a special referee, to take the testimony and report the same to the Court. Upon the testimony reported by the referee, the cause was heard by Judge Earle, September term, 1895. Judge Earle's decree, together with the exceptions thereto, as well as the complaint, exhibit, and answers, will be set out in the report of this case. This decree, while not adjudging the question as to actual fraud, holds that the conveyances and transfers were, in effect, one transaction, and intended to be an evasion of the assignment law of this State, transferring the whole of their property to the said D. M. Crawford, giving her a preference over other creditors, thus, in legal effect, constituting an assignment with preference, and, therefore, void.

The first and second exceptions relate to the introduction in evidence of the record and books of the office of the clerk of court to show the conveyances and transfers of property referred to in the complaint. When offered before the referee, the following entry was made in the referee's notes of testimony: "No objections are made to the introduction of the record of these transfers or assignments upon the ground that the originals or the copies of these records are not produced, but the defendant reserves the right to object upon any other ground." Other references followed this, but no further notice of objection was given. At the hearing before Judge Earle, for the first time the objection is raised that these records could not be introduced in evidence, because ten days notice of intention to offer certified copies of same had not been given. Had this objection been made known on the 27th August, 1895, when the books were offered in evidence, the ten days notice could have been given, and the records introduced again on the 7th September, when the reference closed. It

is well settled that objections to testimony must be made when the testimony is offered. Under the circumstances, we think the Circuit Judge correctly held that the ten days notice had been waived by the defendants. These exceptions are, therefore, overruled.

The third exception alleges error "in admitting the testimony of N. B. Dial as to what the defendant, Miss D. M. Crawford, testified to before L. W. Simpkins, when she was examined under the *de bene esse* act as plaintiff's witness." The Circuit Judge ruled that, being a party to the suit, any declaration or admission made by her against her interest, either in or out of Court, can be established by any one who was present and heard the testimony. The witness, N. B. Dial, on his examination in chief, spoke of statements made by Miss Crawford, in her testimony taken by L. W. Simpkins, and, on cross-examination by appellant's counsel, spoke also of her statements made on a former trial of this case. It will be observed that the exception in no way questions the admissibility of Miss Crawford's declarations made in the former trial, hence our inquiry is limited to so much of his Honor's ruling as relates to the testimony of Miss Crawford taken before L. W. Simpkins. The voluntary declarations or admissions of a party to a civil suit, against interest, are clearly receivable in evidence. Whether such testimony was voluntary, must, in the first instance, necessarily be addressed to the judgment and discretion of the trial Judge, and the party challenging his ruling thereon as error has the burden of showing error. The sole fact relied on by appellant to show that the admissions of Miss Crawford were not voluntary, is the fact that her statements were made before L. W. Simpkins, who, it is alleged, took her testimony under the statute allowing testimony *de bene esse* to be taken. Sec. 391 of the Code of 1870 provides, that a party to an action may be examined as a witness, at the instance of the adverse party, and, for that purpose, may be compelled, in the same manner and subject to the same rules of examination

as any other witness, to testify either at the trial, or conditionally, or upon commission. The act of 1883, 18 Stat., 373, sec. 2345 Rev. Stat. 1893, allows depositions *de bene esse* in certain cases to be taken by a Circuit Judge, clerk of the court, trial justice, or notary public, and provides that any person may be compelled to appear and depose in the same manner as witnesses may be compelled to appear and testify in Court. The master is another officer allowed by statute to take such testimony in certain cases. But it no where appears in the record before us, and we must assume it did not appear before the Circuit Court, that L. W. Simpking is one of the officers allowed by law to take testimony *de bene esse*. Mr. Simpkins testified that he took Miss Crawford's testimony as a special referee, but it no where appears by what authority he claimed to act as special referee, unless it be in the testimony of Mr. Dial, who said: "Mr. Simpkins took the testimony of Miss D. M. Crawford *de bene esse, by consent of parties*." The italics are ours. There is no room for our presuming that Mr. Simpkins was an officer qualified to take such testimony. It is incumbent on the appellant to show this fact. We conclude, therefore, that the statements of Miss Crawford before Mr. Simpkins were entirely voluntary, were taken "by consent of parties," and she was a party, and that she was under no legal constraint or compulsion when she made her statements. There is not the slightest evidence, nor is it even contended, that she was imposed upon or under duress at the time of her statements. This fact destroys the foundation for the argument of defendant's counsel, forcefully presented to the Court, that the testimony of a party to a suit, taken *de bene esse* under the statutes of this State regulating the same, where the witness or party may be compelled to appear and testify, and punished for failure or refusal to do so, would not be such free and voluntary admissions as would make it competent for any one who heard the evidence to testify to it in a subsequent trial, as admissions against interest. But even if the testimony of Miss

Crawford had been taken regularly by a proper officer, under the statute allowing the taking of *de bene esse* testimony, and compelling the same in case of refusal, we are not prepared to say that the Circuit Court erred in allowing evidence of such testimony as admissions against interest. It is true, in the case of *State* v. *Senn*, 32 S. C., 403, which was a case involving the admissibility of statements made by parties at a coroner's inquest, as witnesses, who were afterwards indicted for the crime. Mr. Justice McIver, in an opinion concurred in by a majority of the Court, said: "It is essential to the admissibility of admissions or confessions of a party charged with crime, that they should be free and voluntary. * * * It seems to me, therefore, that the only way to preserve, in its integrity, the well settled rule that a person cannot be required to furnish testimony against himself, is to hold, that if examined before a coroner's jury or a committing magistrate, the testimony which he is then required to give cannot be used against him in a prosecution subsequently brought against him. As there is no decisive authority in this State upon this point, so far as I am informed, and as the authorities elsewhere are conflicting, we are at liberty to adopt such rule as we think most in conformity with settled principles, and, as it seems to me that the rule above indicated is of that character, I think it should be adopted." This rule, if applied to a civil case, would exclude evidence of the admissions of a party, if the admissions were made under circumstances of legal necessity or compulsion, as would . be the case of an examination under the statute allowing testimony to be taken *de bene esse*, with authority to compel the witness to attend and testify, and to punish refusal to do so. But it may well be questioned if such a rule should be applied in a civil case. Mr. Greenleaf, in his book on Evidence, vol. 1, § 193, 7th ed., says: "In regard to admissions made under circumstances of constraint, a distinction is taken between civil and criminal cases, and it has been considered that on the trial of civil actions, admissions are receivable in

evidence, provided the compulsion upon which they are given is legal, and the party was not imposed upon or under duress." The third exception is overruled.

The fourth exception becomes immaterial under the conclusion reached as to the first and second exceptions.

The fifth exception alleges error in holding that D. R. Crawford and W. R. Crawford were insolvent at the time they made certain conveyances to Miss D. M. Crawford. The conveyances were made 6th January, 1885. It appears that on February 13, 1885, judgments to the amount of over $6,000 were entered against D. R. & W. R. Crawford. Suits were probably begun or threatened at the time of the conveyances; later other judgments were entered for over $400. All these judgments, nineteen in number, were based on claims past due at the time of the conveyances. The stock of merchandise of these merchants had dwindled to a remnant of $100 in value. In their answer they admitted the conveyances and assignments of real and personal property to their sister, Miss Crawford, but claimed that the consideration was in part the payment by her of mortgages on the land, amounting to almost, if not entirely, the value thereof, and in part the release of a portion of her debt against them. The theory of the defense was a large indebtedness to Miss Crawford sufficient to require for its payment the property which they conveyed and transferred to her. The proof of insolvency was clear and convincing, and there was not the slightest attempt to make a counter-showing.

The sixth and eighth exceptions may be considered together. They allege error in holding that the said conveyances covered all the property of D. R. & W. R. Crawford, were in effect one transaction, and intended to be an evasion of the assignment law of this State, and to transfer the whole of their property to one creditor, giving her undue and illegal preference over other creditors. After a careful study of the testimony in the light of the pleadings, we are satisfied that Messrs. Crawford conveyed

all, or practically all, of their property to their sister, Miss
Crawford, knowing themselves to be insolvent, with the
intention to give her a preference over other creditors, and
although there were several conveyances of specific property,
they were all made about the same time, and constitute an
assignment with preference, in violation of the assignment
laws of this State. We concur with the Circuit Court that
said conveyances are void. *Wilks* v. *Walker*, 22 S. C., 108.

The seventh and twelfth exceptions have been practically
disposed of in the consideration of exceptions one and two.

The evidence showing that the real and personal pro-
perty was conveyed to Miss D. M. Crawford, in the absence
of evidence to the contrary, it will be presumed that
she has been in possession of the property and using
it as her own since the date of the conveyances,
January 6, 1885. It appears in the evidence of Mr. Feather-
stone, a witness in behalf of the defendants, that Miss D.
M. Crawford, on a former trial, testified that "D. R. & W.
R. Crawford turned over to her their property." The ninth
exception, therefore, cannot be sustained.

But we think the Circuit Court erred in decreeing that
Miss D. M. Crawford should account for the annual value
of the rents and use of the real property since Janu-
ary 6th, 1885. The evidence does not show that
she was guilty of any fraud in the transaction. From
all that appears, she took conveyances for the property in
payment of her claims against her brothers, and because
said conveyances are void, being obnoxious to the assign-
ment act, it does not follow that she holds said property
other than as a *bona fide* occupant. She should, therefore,
account only for the rents and profits received by her since
the 6th of January, 1895. The tenth exception is well
taken. *Jones* v. *Massey*, 14 S. C., 292; *Rabb* v. *Patterson*,
42 S. C., 536.

There was no error in decreeing that Miss D. M. Craw-
ford should account for the personal property assigned to
her, or its value from the date of said transfer, and for the

7    value of any of said real estate which she may have alienated before the commencement of this action. The eleventh exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be modified, as above indicated, as to the rule for accountability for rents and profits, but that in all other respects it be affirmed, and the cause remanded to the Circuit Court for necessary proceedings to carry out the Circuit Court decree as modified herein.

MR. JUSTICE GARY. I concur in the views expressed by Mr. Chief Justice McIver as to the third exception.

MR. CHIEF JUSTICE McIVER, *dissenting*. Being unable to concur in all the conclusions reached by Mr. Justice Jones, in the opinion prepared by him, I propose to state as briefly as practicable, without elaborating the argument, the grounds of my dissent.

It seems to me that the first, second, and third exceptions are well taken, and that, upon the grounds there presented, the case should be remanded for a new trial. The first and second exceptions raise the question whether the objection to the introduction of certain record books of the office of the clerk of the court, was properly overruled. When these books were offered in evidence the following statement, as appears in the "Case," was made: "No objections are made to the introduction of the record of these transfers or assignments upon the ground that the originals or copies of these records are not produced, but the defendant reserves the right to object upon any other ground." This occurred when these record books were offered in evidence before the referee, who was appointed simply to take and report the testimony—*not* to hear and determine the issues in the action. When this testimony was offered before the Circuit Judge at the hearing, defendants objected on the ground that the ten days notice required by the statute had not been given. The Circuit Judge held "that

the notice was waived by the defendants when they allowed the books and papers introduced in lieu of the originals or certified copies." The question is, whether there was error in so holding. In the first place, I do not understand from the statement made in the "Case" that defendants ever did *allow* the books to be offered in evidence. All that they did allow was that the books would not be objected to upon the ground that the originals (which the Circuit Judge said had been burned or lost) or certified copies were not produced. The admission or agreement, a copy of which is set out above, made when the testimony in question was offered before the referee, practically amounted to a declaration on the part of the defendants that they would not object to these books, when offered in evidence before the Court, on the ground that certified copies were the proper evidence, but the right to object upon any other ground was distinctly reserved. It seems to me that the admission, or agreement, or whatever it may be called, simply amounted to this—that the books were to be regarded as certified copies of the papers which the plaintiffs desired to introduce. If, then, when these books, which were to be regarded as certified copies, were offered in evidence before the Circuit Judge, then certainly, under the express terms of the statute, the objection that the required notice had not been given was tenable, and the objection, which plaintiffs had been warned to expect, should have been sustained.

The third exception raises the question as to the admissibility of Mr. Dial's testimony as to what the defendant, Dolly M. Crawford, said when she was examined as a witness *de bene esse* at some point in the previous progress of this case. It seems to me that such testimony was clearly inadmissible, upon two grounds: First, because, under the express terms of the act of 1883, the testimony, even as taken in writing by the referee appointed for that purpose, could not have been introduced, when it appeared, as it did, that Miss Crawford was still alive at the time of the trial, and living in Laurens County, within the reach of

the process of the Court. For that statute provides that the testimony so taken shall not be used unless it appears to the Court that the personal attendance of the witness cannot be secured at the trial. See 18 Stat., at page 374, incorporated in sec. 2347 of the Rev. Stat. If, therefore, the testimony of a witness taken *de bene esse* and reduced to writing by the officer appointed for that purpose could not be used, unless personal attendance of the witness could not be secured at the trial, it seems to me it would be altogether anomalous to hold that a bystander, who happened to hear such testimony when it was taken, could be permitted to prove his recollections of such testimony. But the testimony was objectionable upon another ground. Admissions or confessions of a party to an action, whether criminal or civil, should never be received in evidence against such party, unless *voluntarily* made; and when a party is placed upon the stand and compelled to testify, under pain of being punished for contempt, such testimony cannot, with any propriety, be said to be voluntarily given. See *State* v. *Senn*, cited by Mr. Justice Jones in his opinion. I do not see why the rule there laid down should be confined to criminal cases. Sec. 391 of the Code provides that "a party to an action may be examined as a witness, at the instance of the adverse party, or of any one of several adverse parties, and for that purpose may be compelled, in the same measure and subject to the same rules of examination as any other witness, to testify, either at the trial, or conditionally, or upon commission." It seems to me that to allow the statements made by a party under such *compulsion* to be proved against such party would be a violation not only of the fundamental principles of evidence, but also of the principles of abstract justice. If the adverse party desires to obtain the testimony of the other party, let him put such party upon the stand as a witness, as provided for by the section of the Code above copied, but do not allow him to prove by a bystander what testimony such witness may have been "*compelled*" to give upon a former

38—47

occasion.     Let it proceed  directly from  the  party, and  do not receive such portions of it as may be reproduced by the uncertain memory of a bystander.

I think, therefore, the judgment should be reversed, and the case remanded for a new trial.

Remittitur stayed, by order  of  the  Court, until  November 25, 1896.