### 8264

#### R. E. ALLEN, BRO. & CO. v. BURNETT.

1. STATUTE OF FRAUDS—CONTRACTS OF SALE FOR FUTURE DELIVERY.—A saleman's memorandum of sale made out in one name but admitted to be intended for another and letters of the party to be bound and his admissions on the stand of the purchase take the contract of the purchase of a lot of flour for future delivery out of the statute of frauds.

2. EVIDENCE—COMPROMISE—LETTERS.—ADMISSIONS of a party of a contract of purchase in a letter also making an offer of compromise, that he had made the contract, renders the letter competent on the question of making the contract.

3. CHARGE.—WHERE A CONTRACT OF SALE is made out by the memoranda of sale, the letters of the parties and admissions in Court, it is not a charge on the facts for the Court to treat the admissions as facts in the case and to construe the writings and to instruct the jury accordingly.

Before GARY, J., Spartanburg, November term, 1911. Affirmed.

Action by R. E. Allen, Bro. & Co. against Warren DuPre Burnett. Defendant appeals on the following exceptions:

1. "(a) In failing to sustain objection to introduction in evidence of 'Exhibit B,' made by the defendant upon the ground that it was a memorandum of the sale to Spartan Grain and Flour Company and not to Spartan Grain and

Mill Company, or the defendant, W. D. Burnett; and upon the further ground that it was not signed by the defendant.

"(b) Nor was there any testimony to show that he had authorized any one to sign it in his behalf.

2. "In failing to sustain the defendant's objection to the introduction in evidence of defendant's letters to the plaintiff, marked 'Exhibit C' and 'Exhibit E,' upon the ground that they were offers of compromise, and in not at least sustaining and excluding such parts of the letters as were offers of compromise.

3. "In not sustaining the defendant's objection to letters from the plaintiff to the defendant and accompanying bill, marked 'Exhibit D;' upon the ground that such exhibits were unsworn declarations of the plaintiff of the amount which he claimed was due him by the defendant.

4. "In charging the jury as follows: 'I charge you as a matter of law, that the plaintiff has established the fact that he entered into a contract with the defendant. It is not an issue for you; it is in writing. The proof shows that he entered into a contract with the defendant to sell him a thousand barrels of flour, to be delivered not later than the 31st day of March.'

" 'It is stated here, and established by the writing of the parties, that the defendant did agree to accept a thousand barrels of flour at a stated price: $6.25 in January, $6.30 in February, and $6.35 in March.' The error being in charging the jury upon matters of fact and thereby eliminating from the consideration of the jury the following questions of facts:

"(a) Was the memorandum 'Exhibit B' of a sale to Spartan Grain and Flour Company, a memorandum of a sale to W. D. Burnett trading as Spartan Grain and Mill Company?

"(b) What sale of flour did letters written by defendant to plaintiff and plaintiff to defendant refer? To the sale

alleged to have been made in the complaint or to some other sale?

"(c) In taking from the jury the consideration of all questions of fact except that of the amount of damage, if any, sustained by the plaintiff.

"(d) In taking from the jury the question of fact as to whether or not the defendant authorized the making of the memorandum marked 'Exhibit B.'

"(e) In not leaving it to the jury to determine whether the defendant had a conversation with W. E. Allen and the purport of the conversation.

"(f) In taking from the consideration of the jury the questions of fact as to the *bona fide* intention of the plaintiff to deliver the flour, and the *bona fide* intention of the defendant to receive the flour, at the time the contract was made.

5. "In overruling the plaintiff's motion for a new trial upon the ground that the verdict of the jury was contrary to the instructions of the Court; there being no testimony on behalf of the plaintiff as to the market value of flour of similar grade in the city of Spartanburg on the 31st day of March, 1910, and all of the testimony of the defendant showing that the difference between the price sold and the market value of flour in Spartanburg on the 31st of March, 1910, did not amount to the sum of $350."

*Messrs. Carson & Boyd,* for appellants, cite: *Offer of compromise should not be admitted in evidence:* 45 S. C. 184. *Memorandum of sale was not admissible because not between the parties here:* 4 Cranch 225; 27 S. C. 376; 1 Pet. 640; 99 U. S. 112. *Whether debt sued on is the one acknowledged is for the jury:* 51 S. C. 134; 56 S. C. 111. *So is the issue of contract:* 56 S. C. 111. *So the issue of actual delivery:* 56 S. C. 117.

*Messrs. Sanders & DePass,* contra, cite: *Letters competent to show contract had been made:* 16 Cyc. 949, 950; 4

Conn. 142; 66 N. H. 151; 2 Wig. on Ev., sec. 1061; 4 N. H. 501.

July 20, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. This cause was tried before Judge Ernest Gary and a jury on November 22, 1911. The plaintiff brought action to recover damages for breach of contract for sale of 1,000 barrels of flour for future delivery to the defendant at the price of $6.35 per barrel on March 31, 1910, on which date the defendant's right to order out the flour expired. The plaintiff alleged the price of flour went down and he was damaged in the sum of $750 by reason of the defendant's failure to order the flour out. The complaint alleged that it was the *bona fide* intention of the parties that the flour should be actually delivered and received in kind. The answer admitted that the defendant was doing business under the name of Spartan Grain and Mill Company, denied all the other allegations of the complaint, and set up as defense the statute of frauds. Verdict was rendered for plaintiff, and defendant appeals on exceptions set out in the record. These exceptions raise practically three questions:

1. The sufficiency of the written memorandum to take the case out of the statute of frauds. The record shows that when attorneys for plaintiff offered in evidence the memorandum referred to and testified to as made by R. E. Allen, Jr., defendant's attorneys simply objected to the introduction of the memorandum and stated no grounds of objection. In addition to this, the defendant in his evidence admits purchasing the flour and the letters of defendant to plaintiff, three in number, admitted by the evidence of defendant, establishes the fact that the defendant purchased the flour. Defendant while testifying admitted that he had purchased the flour and his reason for not taking it was that he was overstocked. In the case of *Louisville Company* v. *Lorick & Lowrance,* 29 S. C. 533, 8 S. E.

8, it was decided that there was a memorandum made by the salesman and afterwards there was a letter written by the defendant countermanding the same. That the two papers together constituted a sufficient writing to take the case out of the statute of frauds. Here we have the memorandum made out to the Spartan Grain and Flour Company instead of the Spartan Grain and Mill Company, but we have the admission of the defendant in his testimony that he was the Spartan Grain and Mill Company, and that he purchased the flour. We have in evidence letters from the defendant company referring to and admitting the contract to purchase the flour. Also, letters from the plaintiff to defendant calling on defendant to order the flour out and enclosing a bill for the flour. This is a sufficient compliance to take it out of the statute of frauds. This exception is overruled.

Exceptions 2 and 3 question the rulings of the Court on the admissibility of the evidence over defendant's objection. The letters referred to in the exceptions are from the defendant to the plaintiff. They were competent as far as they went to show an admission on the part of the defendant that he had purchased the flour and admitted the contract and wished a cancellation of it. Any admission in the letters as to whether the parties had made the contract in dispute was competent to go to the jury. They were admitted for this purpose and were competent to that extent. They were not admitted for the purpose of showing an offer of compromise had been made, but to establish the fact that the contract of sale had been entered into. The issue here was, was there a contract entered into between the parties and any admission on the part of defendant, either orally or in writing, to establish that fact or elucidate it was competent to go to the jury.

In considering the question whether the evidence offered is an offer of compromise or the admission of a fact the Court says, in *Hartford Bridge Company* v. *Granger,* 4

Conn., 142, "the law on this subject has often been misconceived; and it is time that it would be firmly established. It is never the intendment of the law to shut out the truth, but to repel any inference which may arise from the proposition made, not with design to admit the existence of a fact, but merely to buy one's peace. If an admission, however, is made *because it is a fact,* the evidence to prove it is competent, whatever motive can have prompted the declaration." In the same case the Court says that the question to be considered is, what was the view and intention of the party making the admission? If the intention was to admit a fact, then the testimony is competent.

In *Colburn* v. *Groton,* 66 N. H. 151, we find: "The preliminary question always is, not merely whether an admission of a fact was made during a settlement or negotiation, but whether a statement or act was intended to be an admission. It is a question, not of time or circumstance, but of intention—an offer of payment, whether accepted or rejected, is evidence when the party making it understood it to be, and made it as an admission of his liability."

"Any declaration or admission made by a party to a suit against his or her interest, either in or out of Court, can be established by any one who heard the declaration or admission." *McGahan* v. *Crawford,* 47 S. C. 578, 25 S. E. 123.

"The voluntary declarations or admissions of a party to a civil suit against his interest are clearly receivable in evidence." *McGahan* v. *Crawford,* 47 S. C. 578, 25 S. E. 123.

These exceptions are overruled.

Exceptions 4 and 5 allege error on the part of the Circuit Judge in charging on the facts and passing upon the force and effect of the testimony and excluding from the jury the consideration of any facts in the case, except the amount of damages sustained by the plaintiff and in not setting aside the verdict of the jury and granting a new trial.

An inspection of the whole record will show that the contract in the case is made up by the memorandum of sale, the correspondence between the plaintiff and defendant and the admissions by the defendant. It is the duty of the Judge to construe all contracts which are in writing. We do not think that the record anywhere shows any reversible error on the part of his Honor, the Circuit Judge.

The exceptions are overruled, and judgment of the Circuit Court affirmed.