UNITED STATES *v.* BAYAUD and another.

(*Circuit Court, S. D. New York.* January 22, 1883.)

CRIMINAL LAW AND PROCEDURE—PLEA OF GUILTY—INDUCEMENTS HELD OUT BY DISTRICT ATTORNEY—MOTION TO WITHDRAW PLEA.

On examination of the facts in this case, *held*, that motion on the part of the defendants for leave to withdraw their plea of guilty as indicted should not be granted.

Motion to Withdraw Plea of Guilty.

*W. P. Fiero,* for the United States.

*Benj. F. Tracy,* for defendants.

BENEDICT, J. This is a motion on the part of the prisoners above named for leave to withdraw a plea of guilty made by them on the fifteenth of December last, or for a postponement of sentence until a future day. The ground upon which leave to withdraw the plea is asked, is that the prisoners were induced to make it by an assurance on the part of the district attorney in respect to his official action, which has not been fulfilled. It appears that at the October term, 1882, four indictments were found against the prisoners for violations of the internal revenue laws. Two of these indictments were thereafter consolidated by the order of the court. At the December term the cases were upon the calendar for trial, and the government was ready to proceed with a large number of witnesses, whereupon the prisoners asked and obtained leave to file a plea of guilty to the consolidated indictments, and such plea was duly entered. This action on their part was taken upon the advice of intelligent and faithful counsel, who had represented them in this matter from the beginning. Before the entry of the plea of guilty it was understood between the counsel for the prisoners and the district attorney, that, in case the defendants should plead guilty to the consolidated indictments, the district attorney would enter a *nolle prosequi* upon the other two indictments, and would not move sentence upon the consolidated indictments until the prisoners had an opportunity to make an effort to effect a compromise of their case at Washington. In pursuance of this understanding the plea in question was duly entered, and the district attorney delayed moving for sentence until the January term, and until he had been officially informed by the commissioner of internal revenue that the prisoner's offer of compromise had been finally rejected, and that no other offer of a compromise would be entertained.

He now moves for sentence, and the prisoners move for leave to withdraw their plea of guilty.

This application is made in behalf of the prisoners by other counsel than the advisers of the plea, and there is no suggestion from those advisers that they have changed their opinion in regard to the truth of the plea, or that the plea was made under any misapprehension or mistake, or that it was procured by the district attorney or any other person; but it is said by one of the advisers of the plea that the defendants, when making the plea, were advised by their counsel that a compromise of the case would be likely to be effected with the department at Washington. The district attorney swears that he never invited the defendants, either directly or indirectly, through their counsel or through any person whatever, to make a plea of guilty, and that the suggestion of such a plea came to him from the defendants' counsel, without suggestion, promise, or inducement by him.

These are all the material facts disclosed by the affidavits that have been submitted upon this motion. The affidavits do, however, disclose, in addition, that the prisoners, in pleading guilty, acted under the belief that they would be able to effect a compromise of the case at Washington; but there is nothing to show that they were encouraged in that belief by the district attorney, whose actions in the premises were confined to those above stated. Upon these facts it has been stoutly contended that it is the duty of the court to permit a withdrawal of the plea. Two grounds for this contention are stated: *First*, that the district attorney has failed to carry out the understanding had, by omitting to enter a *nolle* as to the other two indictments. To this the answer is that the district attorney announces his readiness to *nolle* those indictments if the plea of guilty stands, and the authority of the court to regulate and control criminal prosecutions before it is sufficient to compel a withdrawal of these indictments in case of a failure on the part of the district attorney to make good his announcement. *State* v. *Graham,* 25 Int. Rev. Rec. 145. The remaining ground of the contention in behalf of the prisoners is that they were induced to make the plea by the hope of benefit to accrue to them thereafter in their effort to effect a compromise with the department, and by the promise of the district attorney to *nolle* the other indictments. The practice of courts in regard to the plea of guilty is never to receive such a plea when there is probable ground to believe that it is the result of menace or duress, or proceeds from weakness, fear, or ignorance. But no case has been cited, nor has any been found, where the discretion of the court has been exercised to permit the withdrawal of a plea of guilty made under the circumstances of this case. Here the prisoners are intelligent men, charged with defrauding the revenue, fully aware of the nature of the charges against them, and of the meaning and effect of their plea of guilty. They made this plea deliberately, understand-

ing that sentence would follow in case they failed to effect a compromise with the department; and in making it they acted under the advice of intelligent and faithful counsel, who now make no claim of mistake or misapprehension either on their part or on the part of the prisoners.

It is not pretended that the district attorney represented to the prisoners that a plea of guilty would aid their application for a compromise, nor do they state any facts calculated to create a belief that their confession is untrue, but content themselves with saying that they are not guilty. As between their statement in their plea that they are guilty, and their present statement that they are not guilty, the circumstances under which the two statements were made justify the conclusion that the plea is true and their present statement untrue. The careful counsel who advised the prisoners to make the plea express no doubt of its truth. When the plea was made, the prisoners stood face to face with the prosecuting officer then ready to try them, with a large array of witnesses in attendance, gathered from distant points, at much expense, but there was no menace, duress, or influence brought to bear upon them by him. On the contrary, they proposed the course that was taken. By confessing their guilt and entering their confession of record in the form of a plea of guilty they induced the district attorney to consent to *nolle* the other indictments, and to afford them an opportunity to urge a compromise before the department. And now, because the district attorney yielded to their proposition, they claim the right to withdraw their confession and compel the government to reassemble the witnesses and prove their guilt. To permit such a proceeding would, in my opinion, give sanction to an abuse of the forms of law. There was no impropriety on the part of the district attorney in giving his promise to *nolle* the other indictments, nor did his promise so to do afford inducement to the plea of guilty of such a character as to make it proper for the court to refuse to receive it; and the prisoners would have had good cause of complaint if, upon this ground, the court had rejected their plea when tendered, and compelled a trial of the indictments before the jury. If, upon the facts, it was incumbent upon the court to receive the plea, it is equally incumbent upon the court not to permit its withdrawal at a subsequent term, after the witnesses have been scattered, and the ability of the government to prove its case has been thereby impaired. Neither was there any undue influence on the part of the district attorney because of his promise to delay moving sentence, in order to afford the prisoners an opportunity to compromise the case. The statute (Rev. St. § 3229) permits a compromise of criminal cases of this character to be made by the commissioner of internal revenue, and, while any considerable lapse of time between conviction and sentence is not favored by the court, an agreement to give the prisoners reasonable delay, in order that, if so advised, they might endeavor to effect a compromise with

the department, is far from being an inducement of such a cnaracter as will justify the court's permitting the withdrawal of a plea of guilty made as this one was made. I find, therefore, no ground upon which to justify granting the prisoners' permission to withdraw their plea of guilty. As to the remainder of the application, namely, a further postponement of sentence, to enable the prisoners to renew their efforts with the department to obtain a compromise, the official announcement of the department that no further application for compromise will be entertained shows that further delay would be of no avail.

The motion is accordingly denied.