[No. 20555. Department One. — January 29, 1890.]

## THE PEOPLE, RESPONDENT, *v.* JOHN RYAN, APPELLANT.

CRIMINAL LAW—EVIDENCE—CONFESSION—PLEA OF GUILTY WITHDRAWN.
— After a plea of guilty has been withdrawn by permission of the court, and the plea of not guilty substituted, as provided by section 1018 of the Penal Code, the plea of guilty becomes *functus officio*, and cannot be proved upon the trial as an admission or confession of the defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Weed S. Chelf*, for Appellant.

The original pleading in a civil case, after it has been superseded by amendment, becomes *functus officio*, and cannot be used as evidence of an admission. (*Mecham* v. *McKay*, 37 Cal. 154, 165; *Ponce* v. *McElvy*, 51 Cal. 222; *Wheeler* v. *West*, 71 Cal. 126.) *A fortiori*, a plea of guilty cannot be used as evidence of an admission in a criminal case, after it has been superseded by a plea of not guilty, as permitted by statute. (Pen. Code, sec. 1018.)

*Attorney-General Johnson*, for Respondent.

The plea of guilty was admissible as a voluntary confession. It could not alone serve, after being with-

drawn, to authorize a conviction, without other proof of a *corpus delicti.* (*People* v. *Thrall,* 50 Cal. 415.) Confessions under oath made before a magistrate are admissible. (*People* v. *Kelley,* 47 Cal. 125.) As also a statement to the sheriff by the prisoner that he would plead guilty. (*People* v. *Eckman,* 72 Cal. 582.) There seems to be greater reason for admitting the plea when actually made, if shown to be voluntary.

FOOTE, C. — The defendant was convicted of burglary in the first degree; from the judgment rendered against him, and an order denying a motion for a new trial, he has appealed.

The error relied on to reverse the judgment and order is, that the people were allowed, over the defendant's objection, to introduce in evidence his plea of guilty in the same cause before the same court, after, by the permission of that court, his plea of guilty had been withdrawn, and he had been permitted to enter a plea of not guilty, according to the provisions of section 1018 of the Penal Code, which contains, among other things, this language: "The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted."

The counsel for the people in his brief contends that the admission in evidence of the former plea of guilty stands upon the same rule of law as the admission of "confessions" of a defendant, and concludes in this language: "In this case, there could have been no conviction without the confession" (that is, the plea of guilty).

The case stands thus, without the evidence of a withdrawn plea of guilty, for which, by authority of law and the court, a plea of not guilty was "substituted," the defendant could not have been legally proven or found guilty. Can it be that a privilege thus conceded to a defendant of *substituting* one plea for another is to have

the inevitable effect of defeating the whole object of the "substituted" plea?

We do not think that the legislature, in passing the law under which the defendant was allowed to nullify and render *functus officio* his plea of guilty by substituting or putting in place of it a plea of not guilty, intended to say that, notwithstanding such substitution and doing away with the first plea, it may be given in evidence and sometimes serve as the only conclusive proof of a man's guilt under the plea of not guilty. Of what use practically would such a privilege to a defendant be, as that granted by section 1018 of the Penal Code, if its construction is to be such as that contended for by the respondent?

The counsel for the people says in his brief: "No cases are cited by appellant (and I have found none) where the question has arisen whether a plea of guilty, withdrawn by permission of the court, can be introduced in evidence. But on principle I see no reason why it cannot be, if shown to be voluntary."

It is perfectly true that no such case can be found, but we cannot agree that, upon principle, where a plea is withdrawn, and another legally *substituted* therefor, the one withdrawn can be introduced in evidence to nullify any defense under the last plea, which would be the practical result in this case of such a doctrine.

For these reasons, we advise that the judgment and order be reversed.

BELCHER, C. C., and GIBSON, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.