## JIM HEATH v. STATE.

No. A-4168.    Opinion Filed May 21, 1923.

(214 Pac. 1091.)

(Syllabus.)

**Evidence—Withdrawn Plea of Guilty not Admissible.** A withdrawn plea of guilty, for which a plea of not guilty is substituted by authority of court, is not admissible in evidence against the defendant.

Appeal from District Court, Grady County; Edward Dewes Oldfield, Judge.

Jim Heath was convicted of burglary, and he appeals. Reversed, and new trial awarded.

Barefoot & Carmichael, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction for burglary and sentence of 2 years' imprisonment in the state reformatory at Granite. In the view we have taken of the disposition necessary to be made of this case, it is neither important nor necessary to consider more than one of the many questions presented in the record and briefs.

The record shows that on the 21st day of March, 1921, the day after defendant was arrested, charged with the crime of burglary, he was taken before the district court of Grady county and entered his plea of guilty, and was sentenced to serve a term of 3 years in the penitentiary; that defendant

was then under 21 years of age; that his father, who resided in the town of Chickasha, did not know of his son's sentence until after the same had been pronounced by the court; that he immediately employed a firm of lawyers to represent defendant. A motion was filed, asking leave to withdraw the plea of guilty theretofore entered and to set aside the judgment thereon, and 3 days after said judgment was rendered the court set aside the judgment and permitted defendant's plea to be withdrawn and a plea of not guilty substituted.

On the trial in the following October, the court, over the defendant's objection, permitted the state to introduce in evidence the record showing his plea of guilty and the judgment rendered thereon. The court clerk also testified that, when the defendant entered his plea of guilty, there was nobody present, except the sheriff, the county attorney, the district judge, and himself. The Attorney General has filed a confession of error, on the ground that the trial court committed prejudicial error in permitting the prosecution to introduce the record showing the plea of guilty theretofore entered by defendant.

Our Code of Criminal Procedure provides:

"The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." Comp. Stats. § 2621.

In the case of Jenkins v. State, 6 Okla. Cr. 516, 120 Pac. 298, it is said:

"In respect to the question of discretion, courts have distinguished between the higher and lower grades of crime, and construing this section of the statute in a felony case, and especially in a capital case, if the defendant had entered a plea of guilty without the benefit of counsel, or was influenced to enter such plea, either by his counsel, or by the prosecution, or by act of the court, he should be accorded the right

of trial by jury, by permitting him at any time before judgment to withdraw his plea of guilty and substitute therefor a plea of not guilty. In such cases the refusal of a trial court to permit this to be done would be considered an abuse of judicial discretion.''

In Rupert v. State, 9 Okla. Cr. 226, 131 Pac. 713, 45 L. R. A. (N. S.) 60, it is said:

''The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term in which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put into operation, is undeniable. * * * This power is inherent in all courts of record.''

Upon this question Wharton says:

''Where a plea of guilty is withdrawn by the permission of the court, it is not binding as a confession, nor can it be used as evidence.'' Wharton on Crim. Ev. vol. 2, § 638, p. 1326.

In Ruling Case Law, vol. 8, p. 112, § 77, it is said:

''It is hardly necessary to state that when a plea of guilty has been withdrawn and a plea of not guilty entered, the plea of guilty is not admissible in evidence against the accused.''

12 Cyc. p. 426, § 6, says:

''Voluntary offer by the accused before trial to plead guilty on terms to the offense charged is competent as his admission, but a withdrawn plea of guilty in place of which a plea of not guilty has been substituted by leave of the court is not competent as an admission.''

In 16 Corpus Juris, p. 630, § 1254, it is said:

''Where defendant agreed to plead guilty, but afterwards exercises his right not to do so, such agreement is not admissible in evidence.''

2 Enc. of Pleading and Practice, p. 779, says:

"The effect of withdrawing a plea is to render it functus officio, and it cannot afterwards be given in evidence against the accused."

In Abbott's Trial Brief, p. 314, it is said:

"A plea, which has been held invalid and superseded by the plea on which the accused is tried, cannot be read in evidence against him."

In People v. Ryan, 82 Cal. 617, 23 Pac. 121, it is said:

"We do not think that the Legislature, in passing the law under which the defendant was allowed to nullify and render functus officio his plea of guilty, by substituting or putting in place of it a plea of not guilty, intended to say that, notwithstanding such substitution and doing away with the first plea, it may be given in evidence and sometimes serve as the only conclusive proof of a man's guilt under the plea of not guilty. Of what use, practically, would such a privilege to a defendant be, as that granted by section 1018 of the Penal Code, if its construction is to be such as that contended for by the respondent? The counsel for the people says in his brief: 'No cases are cited by appellant (and I have found none) where the question has arisen whether a plea of guilty, withdrawn by permission of the court, can be introduced in evidence. But on principle I see no reason why it cannot be, if shown to be voluntary.' It is perfectly true that no such case can be found, but we cannot agree that, upon principle, where a plea is withdrawn, and another legally substituted therefor, the one withdrawn can be introduced in evidence to nullify any defense under the last plea, which would be the practical result, in this case, of such a doctrine."

Upon a plea of guilty, no trial upon the question of the defendant's guilt can be had. His plea stands in the place of the verdict of a jury finding him guilty, and for this reason we think that a withdrawn plea of guilty, for which, by authority of law and of the court, a plea of not guilty is substituted would not be admissible in evidence against the de-

fendant as a confession nor as an admission against interest. In our opinion the rule supported by reason and authority is that a withdrawn plea of guilty, for which a plea of not guilty is substituted by authority of court, is not admissible in evidence against the defendant.

It follows that the confession of error is well founded. The judgment of the trial court is accordingly reversed, and a new trial awarded.

MATSON, P. J., and BESSEY, J., concur.