THE STATE v. MILLARD ABEL, Appellant.—8 S. W. (2d) 55.

Division Two, June 21, 1928.

*George Aylward* and *Harry L. Jacobs* for appellant.

446

*North T. Gentry,* Attorney-General, and *David P. Janes,* Assistant Attorney-General, for respondent.

HIGBEE, C.—On June 17, 1926, the appellant and Carl Benson, Richard Miller and Earl Lawrence Abel were jointly charged by indictment with the crime of murder in the first degree, in that May 8, 1926, they shot and killed Harry T. McConnell in Jackson County, Missouri. On June 26, the defendant entered a plea of not guilty and

448

was granted a severance. On a trial to a jury the defendant was found guilty of murder in the first degree as charged in the indictment and his punishment assessed at death. From a sentence in accordance with the verdict the defendant appealed.

The facts in this case are sufficiently set forth in the statement and summary of the evidence in State v. Benson, 8 S. W. (2d) 49.

At the trial of this case Ross Jones testified in substance: I am an investigator in the prosecuting attorney's office. The prosecuting attorney, Mr. Hanna, assigned me to investigate this case on Monday, May 10. I interviewed Millard Abel the first time in the general hospital on May 12. Detectives Shumway and Stephenson and police officers were present. Abel made a statement which I typed, after which he read it over and signed it. Later I had a conversation with Abel in the jail. He sent for me by Sheriff Allbright. He asked me what the State would do for him in case he would plead guilty— turn State's evidence.

"MR. AYLWARD: I object to that; it is highly improper. The plea is not guilty and I don't think any conversation of that sort is admissible here.

"BY THE COURT: Overruled. An exception was saved.

"Witness continuing: What would the State do for him in case he would plead guilty and turn State's evidence and I told him I did not know; I would have to talk to Mr. Hanna. He said: 'Go talk to him and I will spill my guts for five years.' I said no use talking; you could never plead guilty in a case like this for five years in the penitentiary." Here the objection was renewed and overruled and an exception saved.

The admission of this evidence is assigned as prejudicial error.

In the brief for the State it is said that Jones made no promises and told Abel he was without authority to consider the matter; defendant said: "Go talk to him and I will spill my guts for five years." It is said in the brief that:

"Practically all the cases cited [by appellant] deal with situations where the defendant had entered a plea of guilty, which was afterwards withdrawn, and the fact of making it in the first place was admitted as testimony in a subsequent hearing of the case. It is true, as appellant's counsel contend, that this practice is held erroneous in most of the courts of this country and is held erroneous in the case of State v. Meyers, 99 Mo. 107, 12 S. W. 516. He merely says that he will turn State's evidence, or to use his words 'spill his guts for five years.' In these words he does not.admit his guilt and there is no way of knowing to what facts he would have testified had his offer been accepted."

We think it clear that this was an offer to plead guilty on condition that his punishment would be assessed at imprisonment in the

penitentiary for five years. The language will not fairly admit of any other construction. The offer was rejected, yet the court permitted the State to prove the conditional offer to plead guilty.

In State v. Meyers, supra, l. c. 119, the defendant when arraigned pleaded guilty, but the court refused to accept the plea and it was not entered of record. At the trial, over the defendant's objection, the State was permitted to prove his plea of guilty when arraigned. This was held error. The court said, page 120:

"But this fact surely did not authorize the reception of the plea of guilty in evidence, after the court had refused to receive that plea, and had placed the defendant upon his trial. No one would contend that, if the plea of guilty had been entered of record, such plea could have been received in evidence against the defendant, and yet the same principle is involved whether the plea actually go upon record or not; in either case, it must, if received in evidence, be *conclusive* of the defendant's guilt. Like the previous question in parliamentary bodies, evidence of such a plea, having been made before a tribunal competent to try the party making it, cuts off debate and determines all issues. The course therefore pursued by the trial court, in this regard, was plainly inconsistent; the plea of the defendant should either have been received, and sentence passed accordingly, or that plea should never have been heard of again.

"By refusing to receive the plea and granting the defendant a trial, this, of necessity, meant *a trial* with the issues of fact to be determined by the jury, and not to be determined by the previous plea of the defendant, which admitted all that the State desired to prove. In short, the trial court could not refuse to receive the defendant's plea of guilty at one time, and then use it against him at another. The cases cited by the State, and many others, have been examined, but none have been found to sanction the introduction of such evidence. Nor can the error of the reception of such evidence be healed or glozed by reason of the general objection made to its introduction, that it was 'incompetent, immaterial,' etc. Such objections are obviously bad where the evidence is competent in any way or manner to establish the contention of one of the adverse parties; but here the evidence was wholly inadmissible in whatever shape offered, and, therefore, does not fall within the rule requiring special objections to be made."

State v. Meyers was cited approvingly in Kercheval v. United. States, 274 U. S. 220, 47 S. C. 582. In that case the court permitted the withdrawal of a plea of guilty and proof of the plea at a subsequent trial was held inadmissible. On page 223 the court said:

"Other decisions support the petitioner's contention that a plea of guilty withdrawn by leave of court is not admissible on the trial of the issue arising on the substituted plea of not guilty. [Heim

v. United States, 47 App. D. C. 485, L. R. A. 1918E, 87; State v. Meyers, 99 Mo. 107, 119; People v. Ryan, 82 Cal. 617; Heath v. State, 214 Pac. (Okla.) 1091.] And see White v. State, 51 Ga. 286, 290; Green v. State, 40 Fla. 474, 478. We think that contention is sound. A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper.advice and with full understanding of the consequences. When one so pleads, he may be held bound. [United States v. Bayaud, 23 Fed. 721.] But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. [Commonwealth v. Crapo, 212 Mass. 209.] The court in the exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just. [Swang v. State, 2 Coldw. (Tenn.) 212, 88 Am. Dec. 593; State v. Maresca, 85 Conn. 509; State v. Nicholas, 46 Mont. 470, 472; State v. Stephens, 71 Mo. 535; People v. McCrory, 41 Cal. 458, 461; State v. Coston, 113 La. 717; Bishop's New Criminal Procedure, p. 747.]

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it *pro tanto*. [Heim v. United States, supra, 493.] The conflict was not avoided by the court's charge. Giving to the withdrawn plea any weight is in principle quite as inconsistent with the prior order as it would be to hold the plea conclusive. Under the charge, if the plea was found not improperly obtained, the jury was required to give it weight unless petitioner was shown to be innocent. And if admissible at all, such plea inevitably must be so considered. As a practical matter, it could not be received as evidence without putting petitioner in a dilemma utterly inconsistent with the determination of the court awarding him a trial. Its introduction may have turned the scale against him. 'The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty.' [White v. State, 51 Ga. 286.] It is beside the mark to say, as observed by the Circuit Court of Appeals, that petitioner knew better than anyone whether or not he was guilty and that under the evidence a plea of guilty was a reasonable

thing. These suggestions might bear upon the weight of admissible evidence, but they have no relation to the admissibility of a withdrawn plea."

The offer by the defendant was not an extra-judicial confession; it was an attempted negotiation for a compromise, not of a felony, but of the punishment to be inflicted. The defendant was charged with a capital offense; he stood in the shadow of the gallows. His offer was not inconsistent with a plea of not guilty. By his offer, he, in effect, said he would plead guilty on condition that his punishment would be assessed at imprisonment in the penitentiary for five years rather than take the chance of the death penalty. This he had a right to do. In State v. Kring, 71 Mo. 551, it was held that "if a defendant in a criminal case enter a plea of guilty in consequence of an agreement with the prosecuting officer, apparently sanctioned by the judge, as to the sentence, a more severe sentence should not be awarded. He should rather be allowed to withdraw his plea of guilty and file a plea of not guilty, if he desires." [Syl. 1.]

If this had been an offer to compromise a civil action, it would have been privileged. We can see no good reason why it should not be so considered in a criminal action. The offer to plead guilty should have been accepted and sentence passed upon it, or it should have been rejected and "never have been heard of again." The prosecuting attorney should not have been allowed to reject the conditional offer and afterwards use it against the defendant at the trial. The judgment is reversed and the cause remanded. *Davis* and *Henwood*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.