## STATE v. JENSEN.

No. 4791. Decided July 2, 1929. (279 P. 506.)

*Clarence Baird,* of Salt Lake City, and *Erickson & Erickson,* of Richfield, for appellant.

*George P. Parker,* Atty. Gen., and *Lawrence A. Miner,* Asst. Atty. Gen., for the State.

STRAUP, J.

The defendant was convicted of the offense of larceny, and appeals. When arraigned on the information, he entered a plea of guilty. Up to that time he had not had the benefit of counsel and had not consulted an attorney. Later he consulted counsel, and upon such consultation his counsel on his behalf served and filed a motion to withdraw the plea of guilty and to substitute a plea of not guilty. The motion was supported by affidavit that the defendant was induced by the sheriff to enter a plea of guilty on the promise that sentence would be suspended. The court granted the motion and permitted the plea of guilty to be withdrawn, and a plea of not guilty to be substituted, whereupon the case was set for trial, which resulted in a verdict of guilty.

The state gave evidence to show that the defendant with two others stole several sets of harness, the subject of the charged larceny; that one set was sold by the defendant, another set by one of the accomplices, one set thrown in the river by the defendant, and inconsistent statements made by him as to the source of his possession. The defendant claimed and testified that he was told and believed that the harness belonged to one of the accomplices, that he at his request went with him to get the harness, sold one set at his request, believing the harness belonged to the accomplice, but later, learning that the accomplice was not the owner of the harness and had no right to take it, the defendant threw one set in the river.

The defendant lived in Salt Lake City. Among other things he testified that he received a letter from David Bird, one of the accomplices, living at Salina, where the offense was committed, requesting the defendant to come to Salina to get the harness which the defendant, as he testified, believed belonged to Bird, and that he later and after his

arrest had a conversation with Bird in the presence of the sheriff respecting the letter. Thereupon the sheriff in rebuttal was called by the state and was asked by the prosecution:

"Q. You heard the testimony of Jack Jensen, defendant in this case? A. Yes, Sir.

"Q. I call your attention particularly to that portion of his testimony wherein he says, when asked by counsel in reference to a conversation that he had in your presence with one David Bird in reference to a written communication. I will ask you if you were present at that time and place. A. I came in while they were talking about it.

"Q. You may relate what that conversation was. A. Prior to this Mr. Jensen had told me the story, that he told on the stand here, that was not in the presence of Dave Bird, and I had told Dave about what he had said, and Dave, of course, denied it. And when I came into the office—

"Mr. Baird (counsel for the defendant): Was the defendant present at this conversation? A. Yes, sir. When I came into the office, I and Dave Bird and Jensen were talking about this; and Mr. Bird asked me, he says, 'Now what did he tell you in regard to this letter that was written up there to Salt Lake by me;' and I told him; and Dave says, 'Is that a fact?' And Jensen says, 'I didn't tell you that; if I did, I told you falsehood or untruth; but I think I didn't tell you anything about anything that was written up there, that was written about these harnesses up there.' That was in my office, the same day that he pleaded guilty in this case.

"Mr. Baird: I object to that as incompetent, irrelevant and immaterial, that last part of the answer, not responsive, and no part of this case, and move to strike it as not responsive and improper to go to the jury.

"Court: Objection overruled.

"Mr. Baird: Note our exception."

Such ruling presents the principal question for review. The state in its brief puts the proposition thus:

"It appears in this case that the defendant, Jensen, had first pleaded guilty to the charge made in the information and then, under section 8900 of the Compiled Laws of Utah, 1917, he had been permitted to withdraw this plea and enter a plea of not guilty. The defendant now complains of the failure of the court to strike the reference made by the witness Fairbanks (the sheriff) to the defendant having pleaded guilty."

The section of the statute referred to provides that:

"The court may at any time before judgment upon a plea of guilty permit it to be withdrawn and a plea of not guilty substituted."

There is a conflict in the authorities as to whether a withdrawn plea of guilty may be given in evidence against the accused. The question in a comparatively recent case, in 1926, was considered by the Supreme Court of the United States in the case of *Kercheval* v. *U. S.*, 274 U. S. 220, 47 S. Ct. 582, 71 L. Ed. 1009. It was there held that by the weight of authority such evidence was inadmissible. In its opinion that court, through Mr. Justice Butler, said:

"In support of the rulings below [holding the evidence admissible], the United States cites *Commonwealth* v. *Ervine*, 8 Dana (Ky.) 30; *People* v. *Jacobs*, 165 App. Div. 721, 151 N. Y. S. 522; *State* v. *Carta* 90 Conn. 79, 96 A. 411, L. R. A. 1916E, 634; *People* v. *Boyd*, 67 Cal. App. 292, 302, 227 P. 783; and *People* v. *Steinmetz*, 240 N. Y. 411, 148 N. E. 597. The arguments for admissibility to be gleaned from these cases are that the introduction of the withdrawn plea shows conduct inconsistent with the claim of innocence at the trial; that the plea is a statement of guilt, having the same effect as if made out of court; that it is received on the principle which permits a confession of the accused in a lower court to be shown against him at his trial in the higher court; that it is not received as conclusive, and, like an extrajudicial confession, it is not sufficient without other evidence of the corpus delicti. It is sometimes likened to prior testimony of the defendant making in favor of the prosecution.

"Other decisions support the petitioner's contention that a plea of guilty, withdrawn by leave of court, is not admissible on the trial of the issue arising on the substituted plea of not guilty. *Heim* v. *United States*, 47 App. D. C. 485, L. R. A. 1918E, 87; *State* v. *Myers*, 99 Mo. 107, 119, 12 S. W. 516; *People* v. *Ryan*, 82 Cal. 617, 23 P. 121; *Heath* v. *State* [51 Okl. 382] 214 P. 1091. And see *White* v. *State*, 51 Ga. 286, 289; *Green* v. *State*, 40 Fla. 474, 478, 24 So. 537. We think that contention is sound. A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted, unless made voluntarily, after proper advice, and with full understanding of the consequences. When one so pleads, he may be held bound.

*United States* v. *Bayaud* (C. C.) 23 F. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained, or given through ignorance, fear, or inadvertence. Such an application does not involve any question of guilt or innocence. *Commonwealth* v. *Crapo,* 212 Mass. 209, 98 N. E. 702. The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial, if for any reason the granting of the privilege seems fair and just. *Swang* v. *State,* 2 Cold. (Tenn.) 212, 88 Am. Dec. 593; *State* v. *Maresca,* 85 Conn. 509, 83 A. 635; *State* v. *Nicholas,* 46 Mont. 470, 472, 128 P. 543; *State* v. *Stephens,* 71 Mo. 535; *People* v. *McCrory,* 41 Cal. 458, 461; *State* v. *Coston,* 113 La. 717, 720, 37 So. 619; Bishop's New Criminal Procedure, § 747.

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it pro tanto. *Heim* v. *United States,* supra, 493 [of 47 App. D. C.]. The conflict was not avoided by the court's charge. Giving to the withdrawn plea any weight is in principle quite as inconsistent with the prior order as it would be to hold the plea conclusive. Under the charge, if the plea was found not improperly obtained, the jury was required to give it weight unless petitioner was shown to be innocent. And, if admissible at all, such plea inevitably must be so considered. As a practical matter, it could not be received as evidence without putting petitioner in a dilemma utterly inconsistent with the determination of the court awarding him a trial. Its introduction may have turned the scale against him. 'The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty.' *White* v. *State,* supra, 289 [of 51 Ga.]. * * * We think the weight of reason is against the introduction in evidence of a plea of guilty withdrawn on order of court granting leave and permitting the substitution of a plea of not guilty."

The judgment upon that ground alone was reversed.

In support of such view may also be cited *Dean* v. *State,* 72 Tex. Cr. R. 274, 161 S. W. 974; *State* v. *Hook,* 174 Minn. 590, 219 N. W. 926; *State* v. *Abel* (Mo. Sup.) 8 S. W. (2d) 55. We believe such to be the greater weight of judicial authority. The state concedes a conflict in the authorities on the subject. But it cites only the case of *State* v. *Carta,* supra, as supporting the admissibility

such evidence. It, however, chiefly urges that the objections to the testimony were not sufficiently specific, and, though the testimony was erroneously received, yet the ruling was only "technical error" and not prejudicial. On the record it is clear that what was objected to was the voluntary statement of the witness that the conversation was had "the same day that he [defendant] pleaded guilty in this case," putting before the jury the fact that the defendant had pleaded guilty. The question propounded to the witness by the state called for competent and material testimony, and hence no valid objection could have been made to the question. The witness, after answering the question, at least in part, then volunteered the statement that the conversation took place on the same day the defendant "pleaded guilty in this case." There was no opportunity to object to such statement until it was made. Immediately upon being made, the defendant objected to the "last part of the answer" as incompetent, irrelevant, and immaterial, and moved to strike it as "improper to go to the jury." What was meant by "the last part of the answer" was apparent to both the court and counsel for the prosecution. It is clear they understood just what was objected to and was asked to be stricken.

The contention that the general objection of incompetency, irrelevancy, and immateriality to such part of the answer was not sufficiently specific is untenable for two reasons. The evidence so objected to being inadmissible for any purpose, the general objection sufficed. *Sparf* v. *U. S.,* 156 U. S. 51, 15 S. Ct. 273, 39 L. Ed. 343; *People* v. *Converse,* 28 Cal. App. 687, 153 P. 734. That is familiar doctrine. In the next place, in addition to such general objection was also the motion to strike the part of the answer objected to. It is urged that the ground for such motion, that the last part of the answer was "improper to go to the jury," also was not sufficiently specific. Since such testimony was not proper to go to the jury for any purpose the stated general ground that it "was improper" sufficed.

We also are of the opinion that the admission of such objectionable testimony was prejudicial. The natural tendency of it was to do harm. From such kind of error prejudice will be presumed, until by the record it is affirmatively shown the error was not or could not have been of harmful effect. *Jensen* v. *Utah Ry. Co.* (Utah) 270 3, 4 P. 349. From the record it cannot be told that the objectionable testimony did not influence the jury in the rendition of the verdict. Upon such evidence it might be argued, and the jury induced to believe, that the defendant knew better than any one else whether or not he was guilty, and, as stated in *Kercheval* v. *U. S.*, supra, the introduction of such evidence "may have turned the scale against" the defendant. The introduction of such kind of evidence was in the Kercheval Case held to be prejudical, and upon that ground alone the judgment of the court below was reversed. Such, too, was the holding in other cases where the admissibility of such evidence was held error.

A further point is made that the evidence outside the testimony of the accomplices is insufficient to connect the defendant with the commission of the offense. We hold against the defendant on that proposition. Without referring to the evidence in detail, let it suffice by saying that on an examination of the record we are satisfied that without the aid of the testimony of the accomplices there is sufficient evidence to show the commission of the offense and to connect the defendant with it.

For the reasons stated, the judgment of the court below is reversed, and the case remanded for a new trial.

CHERRY, C. J., and Elias HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.