Argued June 29; affirmed September 6, 1933

# STATE v. WILEY

(24 P. (2d) 1030)

*V. A. C. Ahlf,* of Portland, for appellant.

*Sherman S. Smith,* District Attorney, of Grants Pass, for the State.

BEAN, J. The defendant Milton Wiley was charged upon information with the crime of murder as follows:

"That said Milton Wiley, on the 10th day of August, 1932, in the said county of Josephine and state of Oregon, then and there being, did then and there unlawfully, purposely and maliciously, kill John Simenon, by shooting him with a gun, contrary to the statute in such cases, made and provided and against the peace and dignity of the State of Oregon."

The state procured from defendant a statement signed by the defendant as of August 19, 1932, to the effect that on the night of August 10, at about 9:30 p. m., John Simenon came to the defendant's camp and called to defendant and asked him to go for a ride in a truck. The defendant declined. The deceased then drove a short distance and stopped his truck and called defendant a "son-of-a-bitch" and got out of the truck and came over to the camp fire and again called defendant the same name, and defendant said: "I jumped up and grabbed my rifle and told him to take it back. He made no reply and I asked him one or two times more to take it back and he didn't do it and I lost my head and fired and John fell." John Simenon died soon after.

Defendant pleaded guilty to the crime of second degree murder, as charged in the information filed against him, whereupon the court appointed counsel for defendant and heard testimony as to the degree of the crime and found that the defendant Milton Wiley was guilty of murder in the second degree and sentenced him accordingly. Defendant moved to change the plea of guilty and enter a plea of not guilty. Supporting affidavits were filed and it is claimed newly discovered evidence on behalf of defendant can be produced.

Section 13-843, Oregon Code 1930, provides: "The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted therefor."

■ A party, after pleading guilty to a criminal charge, does not have an absolute right to withdraw such admission and interpose a plea of not guilty, as generally determined, the rule being that the determination of the question lies in the judicial discretion of the court. *Curran v. State,* 53 Or. 154, 158 (99 P. 420) ; *State v. Lewis,* 113 Or. 359, 363 (230 P. 543, 232 P. 1013) ; Wharton, Criminal Pleading & Practice (9th Ed.) § 414; *People v. Lee,* 17 Cal. 76; *Morton v. People,* 47 Ill. 468. Mr. Wharton, in his valuable work, states in section 414 that the overruling of the motion is not subject for error unless by refusal of the application great injustice has been done.

■■ We find no indication that the court abused its discretion in refusing to permit defendant to withdraw his plea of guilty and enter a plea of not guilty. The defendant filed no affidavit impeaching his statement made in writing in regard to the affair and does not question his statement. It is clear that the designation of the defendant by John Simenon of opprobrious names did not warrant defendant in firing the fatal shot. The circumstances stated by defendant, and otherwise shown by the record, do not show that the defendant at the time he shot the deceased was in any imminent peril of life and limb. Simenon at the time was under the influence of liquor and was abusive. Neither do the affidavits filed on behalf of defendant in support of his application indicate that a different result would be obtained if defendant were granted a trial by jury. The affidavits are to the effect that Simenon stated to others, in substance, that he had lost

a still; that he was going to get the party who stole the still and that he knew who got it; that he was going to make the country safe so when you leave anything and come back you can find it. Simenon indicated that the defendant was the person whom he suspected of taking the still. At the time the defendant fired the fatal shot Simenon committed no overt act or indicated in any way that he intended to carry out his threat or to harm the defendant.

■ If it be assumed that upon a review of the proceedings the evidence submitted in the lower court will be examined, it is essential, in determining whether judicial discretion has been abused by refusing to permit the plea of guilty to be withdrawn and a plea of not guilty substituted therefor, that the motion for that purpose should be supplemented by the affidavit of the accused party, to the effect that he is not guilty of the crime charged, or such other facts as are relied upon by him and the copies of which sworn statements should be sent up with the return for re-examination by the reviewing court. *Curran v. State,* supra, citing *Mastronada v. State,* 60 Miss. 86. Defendant filed no affidavit.

There is only one question before this court, and that is whether the trial court abused its discretion in overruling the motion of defendant Wiley to withdraw his plea of guilty.

We approve the ruling of the circuit court. Not only was there lack of abuse in such ruling but the record clearly shows that justice demanded the ruling made by the learned trial court.

It follows that the judgment of the circuit court must be affirmed. It is so ordered.

ROSSMAN, CAMPBELL and BAILEY, JJ., concur.