Argued November 10, reversed and remanded December 15, 1954

## STATE *v.* THOMSON

278 P. 2d 142

[ 1 ]

*Mark Weatherford* argued the cause for appellant. On the briefs were L. Leonard Krause, of Newport, Earl P. Conrad, of Toledo, and Weatherford & Thompson, of Albany.

*W. T. Hollen,* District Attorney for Lincoln County, and *A. R. McMullen,* Deputy District Attorney for Lincoln County, of Newport, argued the cause and filed a brief for respondent.

LUSK, J.

The defendant has appealed from a judgment of conviction of the crime of assault with intent to kill.

The indictment alleged that the defendant, on the tenth day of September, 1953, in Lincoln County "did then and there unlawfully and feloniously assault one James Meuler, by then and there striking, beating, bruising, and wounding him, the said James Meuler, with a certain iron pipe, and by then and there at said time and place wilfully and intentionally driving and projecting the automobile in which the said James

Meuler was riding as a passenger, off of the travelled portion of the roadway and over and off of a precipice approximately 400 feet high, while the said James Meuler was still in said automobile, all with the intent on the part of him, the said Richard E. Thomson, to then and there kill the said James Meuler''.

Error is assigned to the admission in evidence, over the defendant's objection, of a record of the Circuit Court for Lincoln County establishing that on September 15, 1953, the defendant waived indictment and pleaded guilty to an information charging the same offense. The evidence shows that the defendant, through his counsel, on September 21, 1953, filed a motion for permission to withdraw his plea of guilty and to substitute for it a plea of not guilty. The motion was supported by defendant's affidavit in which he swore in substance that, while under great mental strain and shock and after long questioning by peace officers, he signed a written statement relating to the charge against him, the contents of which he did not remember but in which, as he was advised by his attorneys, appeared a statement that he struck Jim Meuler with intent to kill him, and that he had planned to kill him for several months; that he did not strike Meuler with intent to kill him and never planned to kill him, and had made no statement to that effect; that at the time he entered his plea of guilty he was not represented by counsel and was not advised of the elements necessary to constitute the crime of assault with intent to kill as charged, and that he was not guilty of that crime.

On September 21, 1953, the court entered an order allowing the motion. Thereafter the case was submitted to the grand jury, which, on November 20, 1953, returned the indictment, the charging part of

which we have quoted, and to which the defendant duly entered a plea of not guilty.

The question presented by the assignment of error is whether evidence of a plea of guilty entered to an information or indictment and later withdrawn by permission of the court, with leave to enter a plea of not guilty, is admissible in evidence against the defendant on his subsequent trial. It is a new question in Oregon.

■ The state contends that, apart from other reasons the evidence was properly admitted because the plea of guilty was not entered in this but in another case. But the crime charged in the information to which the defendant pleaded guilty was substantially the identical crime charged in the indictment, save that in the latter additional means of commission of the crime are alleged, and we think that the reasons which would support either the admission or exclusion of the evidence are as applicable to this case as though the plea of guilty had been to the indictment.

■ The state also invokes ORS 136.540, which reads:

"A confession of a defendant, whether in the course of judicial proceedings or to a private person, cannot be given in evidence against him when it was made under the influence of fear produced by threats; nor is a confession only sufficient to warrant his conviction without some other proof that the crime has been committed."

The statute, in our opinion, does not reach this question. It is in the negative and was passed for the protection of persons accused of crime. It is not a command that all confessions not made under the influence of fear, produced by threats, shall be admitted in evidence, and does not attempt beyond its express terms to control the courts in their traditional func-

tion of determining the competency of evidence. That portion of the statute which prohibits the admission in evidence of confessions made under the influence of fear is the law everywhere in this country, whether so provided by statute or not (22 CJS 1425, Criminal Law § 817b) ; but this fact has not deterred courts from holding that a withdrawn plea of guilty is inadmissible in evidence against the accused on his subsequent trial.

■ In Oregon the privilege of withdrawing a plea of guilty is provided for by ORS 135.850, which reads :

"The court may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted therefor."

It should be borne in mind that the statute does not confer an absolute right, but the permission to withdraw a plea is within the sound discretion of the court. *State v. Wiley,* 144 Or 251, 253, 24 P2d 1030, and cases there cited. See, also, 22 CJS 638-644, Criminal Law § 421; 20 ALR 1445; 66 ALR 628.

According to the modern textwriters the majority rule is that the evidence is inadmissible. It is said in 20 Am Jur 420, Evidence § 481:

"* * * There is no doubt merit in the contention that the plea should be admitted, yet the majority rule seems to have the advantage of fairness and justice. As has been said, considerations of fairness forbid a court permitting a plea to be withdrawn for cause and at the next moment allowing the fact of the plea having been made to be admitted in evidence with all its injurious consequences as an admission or confession of guilt by the accused." 20 Am Jur 420, Evidence § 481.

See, also, Wharton's Criminal Evidence (11th ed) 976 § 587; Underhill's Criminal Evidence (4th ed) 548 § 277; annotation 124 ALR 1527. Contra, Abbott's

Criminal Trial Practice (4th ed) 1102 § 588. Wigmore refers to the subject but expresses no opinion. 4 Wigmore on Evidence (3d ed) 66 § 1067.

The following cases hold that the evidence is inadmissible: *Kercheval v. United States,* 274 US 220, 71 L ed 1009, 47 S Ct 582 (1927); *Heim v. United States,* 47 App DC 485, LRA 1918E 87 (1918) (one judge dissenting); *Pharr v. United States,* 48 F2d 767 (CCA 6th) (1931); *Jamail v. United States,* 37 F2d 576 (CCA 5th) (1930); *People v. Ryan,* 82 Cal 617, 23 P 121 (1890); *People v. Street,* 288 Mich 406, 284 NW 926 (1939); *State v. Anderson,* 173 Minn 293, 217 NW 351 (1927); *State v. Hook,* 174 Minn 590, 219 NW 926 (1928); *State v. Meyers,* 99 Mo 107, 12 SW 516 (1889); *Frantz v. State,* 70 Okla Cr 214, 105 P2d 561 (1940); *Heath v. State,* 23 Okla Cr 382, 214 P 1091 (1923); *Perry v. State,* 84 Okla Cr 211, 181 P2d 280 (1940); *State v. McGunn,* 208 Minn 349, 294 NW 208 (1940); *White v. State,* 51 Ga 285 (1874) (dictum); *Green v. State,* 40 Fla 474, 24 So 537 (1898); *State v. Jensen,* 74 Utah 299, 279 P 506 (1929); *State v. Meyers,* 99 Mo 107, 12 SW 516 (1889); *State v. Abel,* 320 Mo 445, 8 SW2d 55 (1928). See, also, *State v. Leaks,* 124 NJL 261, 10 A2d 281 (1940).

On the other side of the question are the following decisions: *People v. Steinmetz,* 240 NY 411, 148 NE 597 (1925) (two judges dissenting); *State v. Carta,* 90 Conn 79, 96 A 411, LRA 1916E 634 (1916); *Morrissey v. Powell,* 304 Mass 268, 23 NE2d 411, 124 ALR 1522 (1939) (civil case); *State v. Bringgold,* 40 Wash 12, 82 P 132, 5 Ann Cas 716 (1905); *State v. Weekly,* 41 Wash2d 727, 252 P2d 246 (1952) (two judges dissenting; two judges, while concurring in the result, expressed agreement with the dissent on this question); *State v. Nichols,* 167 Kan 565, 207 P2d 469 (1949)

(dictum); *People v. Boyd,* 67 Cal App 292, 227 P 783 (1924) (overruling *People v. Ryan,* supra); *Rascon v. State,* 47 Ariz 501, 57 P2d 304 (1936). (The court cited cases supporting the view that the evidence should be admitted and said "We have found none to the contrary.").; *Wells v. State,* (Tex Cr App) 115 SW2d 658 (1938).

Other cases cited by the state in support of its position, we find, on examination, to be not in point.

When the Supreme Court decided *Kercheval v. United States,* supra, it had before it *State v. Carta* and *People v. Steinmetz,* both supra, in which the majority opinions ably expound the reasons which persuaded the Connecticut and New York courts that evidence of the kind in question should be received. Summarizing these views, the Supreme Court, speaking through Mr. Justice Butler, said:

"* * * The arguments for admissibility to be gleaned from these cases are that the introduction of the withdrawn plea shows conduct inconsistent with the claim of innocence at the trial; that the plea is a statement of guilt having the same effect as if made out of court; that it is received on the principle which permits a confession of the accused in a lower court to be shown against him at his trial in the higher court; that it is not received as conclusive, and, like an extra-judicial confession, is not sufficient without other evidence of the corpus delicti. It is sometimes likened to prior testimony of the defendant making in favor of the prosecution."

After citing cases which hold that a withdrawn plea of guilty is not admissible at the trial of the issue arising upon the substituted plea of not guilty, the court continued:

"* * * We think that contention is sound. A plea of guilty differs in purpose and effect from

a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. United States v. Bayaud (C. C.) 23 Fed. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. Com. v. Crapo, 212 Mass. 209, 98 N. E. 702. The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just (citing authorities).

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. By permitting it to be given weight the court reinstated it pro tanto. Heim v. United States, supra, 493 [47 App. D. C.]. The conflict was not avoided by the court's charge. Giving to the withdrawn plea any weight is in principle quite as inconsistent with the prior order as it would be to hold the plea conclusive. Under the charge, if the plea was found not improperly obtained, the jury was required to give it weight unless petitioner was shown to be innocent. And, if admissible at all, such plea inevitably must be so considered. As a practical matter, it could not be received as evidence without putting petitioner in a dilemma utterly inconsistent with the determination of the court awarding him a trial. Its introduction may have turned the scale against him. 'The withdrawal of a plea of guilty is a poor

privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty.' White v. State, supra, 290 [51 Ga.]. It is beside the mark to say, as observed by the circuit court of appeals, that petitioner knew better than any one whether or not he was guilty and that under the evidence a plea of guilty was a reasonable thing. These suggestions might bear upon the weight of admissible evidence but they have no relation to the admissibility of a withdrawn plea.''

The dissenting opinion in *People v. Steinmetz* was written by Judge Lehman. As it is an able exposition of the view opposed to admission of the evidence, we refer to it at length. He conceded that a plea of guilty, even though withdrawn, may under certain circumstances have logical probative force, but he said:

''* * * The courts have evolved, and the Legislatures have created, rules of evidence by which classes of evidences are excluded, though in particular instances the evidence might have logical probative force, when it appears that in general such evidence is too unreliable to form any basis for a conclusion, or tends unduly to confuse or prejudice the jury, or when its production would contravene some consideration, real or assumed, of public policy.''

He urged that the favor extended to the accused of withdrawing the plea of guilty by necessary implication includes ''the favor that he was to be restored to the same position as if the plea had never been offered'', and continued:

''We must assume that the court did not abuse its discretion in granting the favor but held the scales of justice even. If the court was convinced beyond question or doubt of the guilt of the accused and of the fact that the confession of guilt was made with intention and understanding, reason to

permit the withdrawal of the plea fails. When the permission is granted, the court necessarily decides that there shall be an actual trial of the guilt of the accused, because there is doubt of whether the plea was made with understanding and intent to confess a crime which the accused had actually committed. The court acts to protect an accused who has perhaps made an untrue confession. May the confession which the court has decided it should not act upon thereafter be used as evidence, even though not conclusive, of the defendant's guilt? If made without understanding and intention to confess actual guilt, it does not tend to establish guilt. If made with such understanding and intention, its logical probative force is so great that it would seem almost playing with words to say that it is not controlling. There is no third hypothesis; no ground for giving the confession lesser force. * * * In spite of the charge of the trial judge that the accused was entitled to the presumption of innocence, the admission of the previous plea, which placed upon the defendant the burden of explanation, effectviely destroys the presumption. The favor of permission to withdraw a plea, which it is claimed is not a true confession, is of little value if the withdrawn plea may be used to nullify the substituted plea. When the state allows a man a trial, the trial should be fair; when the court decides that in the interests of justice a plea may be withdrawn because there would be possible danger of injustice in acting upon it, the accused should be placed in the same position as if the plea had never been made. The trial should be held for the sole purpose of determining the guilt of the accused, and not for the purpose of determining as a preliminary matter whether the withdrawn plea was made with understanding and intention. For practical purposes the admission of the prior plea of guilty in evidence must have the latter effect, and even places the burden of proof on the accused of explaining the confession. The favor accorded the accused should not be transformed into a trap."

12

In *People v. Street,* supra, the Michigan court, in holding that a mistrial should have been declared because the prosecutor commented on the defendant's withdrawn plea of guilty, cited with approval the Kercheval case, and said:

"While it is impossible to analyze the processes of the human mind, we cannot say that the jury was not impressed with the statement that defendant had previously pleaded guilty. No matter how great an effort a juror might make not to let it prejudice him, *the statement was of such a nature that it could not be eradicated from the average juror's mind by instruction of the judge* (citing cases). In fact the more the judge discussed the plea, the more the average juror would be impressed with it. A mistrial should have been declared." (Italics added.)

In the vigorous dissenting opinion of Donworth, J., in *State v. Weekly,* supra, he said:

"There is no connection between his plea of guilty and a confession either in or out of court. A defendant may wish to plead guilty for any one of several reasons having nothing to do with his guilt. He may wish to spare his family the unfavorable publicity attendant upon a trial. He may, for private reason, prefer to plead guilty rather than have his past paraded before the world. He may fear that a trial might result in a relative or friend being charged as an accessory or in the defendant's being charged with other crimes. These and other cogent reasons may impel a defendant who does not believe he is guilty to plead guilty and waive a public trial. Whatever his motive, this is his privilege whether he be guilty or not guilty. When his plea of guilty is withdrawn, it is wiped out and becomes a nullity for all purposes."

It is generally held that a plea of guilty entered at a preliminary hearing is admissible in evidence on

the trial of the accused. 22 CJS, 1257, note 17, Criminal Law § 733. Some of the cases cited in the state's brief are of that kind and are to be distinguished from cases involving a withdrawn plea of guilty. In *United States v. Adelman,* 107 F2d 497 (CCA 2d), it was contended by the defendant, on the authority of the Kercheval case, that the trial judge committed error in admitting in evidence defendant's plea of guilty upon arraignment before a United States commissioner. The court distinguished the Kercheval case, saying:

"* * * There a defendant who had pleaded 'guilty' to an indictment was allowed to withdraw his plea and go to trial on the substituted plea of 'not guilty.' Upon the trial his withdrawn plea was received in evidence as an admission. This was held error. *When a court allows a defendant to withdraw a plea of 'guilty' it is because the court finds that circumstances exist which make it unfair to hold him to it. Such circumstances make it equally unfair to use it against him as an admission.* The Kercheval case deals only with a plea withdrawn with leave to substitute a plea of not guilty. When a defendant pleads guilty before a commissioner who has no power to do more than hold him for bail, he does not have to withdraw this plea in order to plead not guilty to the indictment. The plea before the commissioner had not been held to have been obtained by unfair practice and we see no reason why it might not be received in evidence as freely as any extrajudicial admission of guilt (citing cases)." (Italics added.)

■ While we recognize that the argument supporting the state's position is not without merit, we think that it must yield to the paramount consideration of fairness and justice to the accused. As Mr. Justice Rutledge said when he was justice of the United States Court of Appeals for the District of Columbia, "re-

ceiving the plea would conclude the case against the defendant and destroy the effect of the plea of not guilty and the evidence supporting it." *Wood v. United States,* 75 App DC 274, 141 ALR 1318, 128 F2d 265. The reasons for excluding the evidence have been stated with such clarity and convincing force by the eminent judges from whose opinions we have quoted that it would serve no purpose for us to attempt to add anything to what they have written. We hold that admission in evidence of the withdrawn plea of guilty was reversible error.

■■ The state urges that even though the ruling was erroneous it was, in view of the record, not prejudicial. In *State v. Folkes,* 174 Or 568, 150 P2d 17, we examined with much care the question of this court's authority in a criminal case to affirm a judgment of conviction notwithstanding error committed on the trial. Because the defendant in that case "was conclusively proven guilty by his own confession corroborated by other unimpeached and uncontradicted evidence", we held that the receipt of incompetent evidence (unsigned transcripts of confessions, which were otherwise established by the testimony of witnesses) "which would have warranted a reversal under other circumstances, did not constitute reversible error". (174 Or 616.) Regardless of what might be contended here as to the strength of the prosecution's case, still the evidence was conflicting, and the question of defendant's guilt, whether of the crime as charged or of some lesser degree thereof, was for the jury to determine, uninfluenced by incompetent evidence. The error was not technical, but one the gravity of which is sufficiently indicated by the authorities which we have cited. In criminal cases, we have said, "unless the record conclusively shows that the error

in the admission of incompetent evidence was not prejudicial to the party objecting, the judgment should be reversed." *State v. Hatcher,* 29 Or 309, 313, 44 P 584. We cannot say that that is the state of the record before us.

██ In view of another trial we will notice briefly some of the remaining assignments of error. One is based on an exception to the following instruction:

> "You are further instructed that not all of the testimony or evidence received and admitted must be consistent with the guilt of the defendant. The testimony may be conflicting; yet the facts proven beyond a reasonable doubt may warrant a verdict of guilty upon circumstantial evidence. You are further instructed that if under these rules the evidence in the case satisfies your minds beyond a reasonable doubt as to the truth of each and every one of the material allegations of the crime charged in the indictment or one of the lesser crimes included therein, then you should bring in a verdict of guilty."

It is contended that the instruction authorized a verdict of guilty whether the circumstances are consistent with the innocence of the defendant or not. We do not agree, for the instruction means nothing more than that the jury might find the defendant guilty on conflicting evidence even though it be circumstantial, provided the jury was satisfied of the truth of the material allegations of the indictment beyond a reasonable doubt. Certainly here is no error. Even in a case where the state depends entirely on circumstantial evidence it is not required "that all of the testimony must be consistent with the guilt of the defendant. The testimony may be conflicting, yet the facts proved may warrant a verdict of guilty upon circumstantial evidence alone." *State v. Dennis,* 177

Or 73, 77, 159 P2d 838, 161 P2d 670. This, however, is not entirely a circumstantial evidence case, for there was direct evidence in support of all the elements of the alleged crime. Therefore, it was not necessary, and would not have been proper for the court to give the conventional instruction as to the sufficiency of circumstantial evidence to warrant a conviction. *State v. Nortin,* 170 Or 296, 322, 133 P2d 252; *State v. Quartier,* 118 Or 637, 639, 247 P 783; *State v. Holbrook,* 98 Or 43, 68, 188 P 947, 192 P 640, 193 P 434. What the court did say on the subject was not erroneous, and in any event was not prejudicial to the defendant.

 The other assigned errors are not properly before the court because they relate to instructions to which no exceptions were taken. They are attempted to be brought here by an exception to the denial of the defendant's motion for a new trial. It is too well settled to require citation of authority that such a ruling is not subject to review by this court. Moreover, there is nothing in the alleged errors in themselves, or in the circumstances of this case, to warrant our noticing the assignments under Rule 2 of this court. We are of the opinion, however, that on another trial it would be advisable for the court, when instructing on oral admissions by a party, to omit all reference to a confession "which the court didn't see fit to admit", and also not to give the instruction on "weaker and less satisfactory evidence" authorized by ORS 17.250 (7) "on all proper occasions". We find nothing in the evidence which calls for this instruction. See *Godvig v. Lopez,* 185 Or 301, 314-321, 202 P2d 935, and cases there cited. It may be added that caution should be exercised in so instructing in a criminal case, lest by implication the burden of proof be shifted to the defendant.

For the error in admitting in evidence of the defendant's withdrawn plea of guilty the judgment is reversed and the cause remanded for a new trial.

ROSSMAN, J., specially concurring.

Without subscribing to the belief expressed in at least one of the decisions quoted in the opinion written by Mr. Justice Lusk that when a plea of guilty has been withdrawn "it ceased to be evidence", I concur in the opinion. Much material which has evidentiary value is rendered inadmissible by the rules of evidence. Hearsay is an example. Various rules of policy have shaped the rules of evidence. A withdrawn plea of guilty may possess genuine evidentiary value, but the fact that it, unlike a superseded pleading (*Powers v. Coos Bay Lumber Co.*, 200 Or 329, 263 P2d 913), may induce the jury to become reckless in its consideration of the other evidence renders it inadmissible.

I do not believe that the error which occurred when the erroneous ruling was made was nonprejudicial. See the dissenting opinion in *State v. Folkes,* 174 Or 568, 150 P2d 17.

BRAND, J., specially concurring.

I concur in the reversal of this case. The matter set forth in the affidavit which was submitted in support of the motion for permission to withdraw the plea of guilty, and certain evidence taken at the trial on the merits, demonstrate that the court did not err in permitting the withdrawal of the plea of guilty and did err in receiving it in evidence. If the prosecution offered a nonjudicial confession and its admissibility was submitted as a preliminary question to a trial court upon a showing similar to that made in this case, a ruling excluding the confession from evidence

would be upheld as being within the sound judicial discretion. The decision of the court permitting withdrawal of the plea of guilty after considering the evidence, presented a similar question and amounted, in my opinion, to a sound exercise of discretion and to a finding that the plea of guilty which would be admissible, if at all, only as a confession, was inadmissible as such. The trial court should have excluded from the jury the evidence of the plea of guilty.

I think it is unnecessary to go further in this case and would leave for future decisions the question as to whether in all cases and under all circumstances evidence of a plea of guilty made and withdrawn should or should not be excluded.