Argued October 6, 1965, affirmed January 12, petition for
rehearing denied March 8, 1966

## STATE OF OREGON *v.* DARIS

409 P. 2d 679

*L. B. Sandblast,* Portland, argued the cause and
filed briefs for appellant.

*James R. Carskadon, Jr.,* Deputy District Attorney,
Oregon City, argued the cause for respondent. With
him on the brief was Roger Rook, District Attorney.

Before McALLISTER, Chief Justice, and PERRY,
DENECKE, LUSK and SCHWAB, Justices.

LUSK, J.

The defendant was convicted of the crime of know-
ingly causing and facilitating an escape from official
detention and has appealed.

The only error assigned is denial of defendant's motion for a new trial based on the failure of the attorney who represented him on the trial[1] to call as a witness one John R. Singleton, the man whose escape from official detention the defendant is charged with facilitating.

It appears from the evidence that on the night of January 1, 1965, Clackamas County Deputy Sheriff Rinkus stopped an automobile driven by Singleton because it was being driven without lights. Singleton got out of his car and during a colloquy between him and the officer Singleton "made a break" for his car and drove off at high speed. Rinkus gave chase in his patrol car and caught up with Singleton when he drove onto the lawn of a residence which happened to be the home of his mother and stepfather, the defendant. The evidence as to what occurred thereafter is in conflict. If Deputy Rinkus is to be believed, after he arrested Singleton a second time, the defendant came out of the house, assaulted him, and enabled Singleton to escape. According to the testimony of the defendant and his wife it was nothing but a case of "police brutality." The jury believed the officer and found the defendant guilty accordingly.

The burden of an affidavit of the defendant filed in support of the motion for a new trial is that, contrary to his expressed wish, his trial attorney refused to call Singleton as a witness because Singleton had "a record" and the jury would not have believed him. Singleton also made an affidavit in which he swore that his testimony would have supported the defendant's version of the affair.

---

[1] After his conviction the defendant retained another attorney who filed the motion for a new trial and represented him on the appeal.

This is not claimed to be a case of newly discovered evidence and, of course, could not be: *Lewis v. Nichols,* 164 Or 555, 571, 103 P2d 284. The contention of the defendant is that he was entitled to a new trial because of the "negligence" of his trial attorney. The charge of negligence is groundless. Whether to call Singleton or not, in view of his "record," was a question of judgment and it is not for us, nor was it for the trial court, to say that the attorney's judgment was wrong; still less can we speculate that had Singleton testified the verdict would have gone the other way. It is expressly admitted in the defendant's brief that his trial attorney is a member of the bar in good standing and a competent lawyer. Second guessing trial tactics by a lawyer coming into the case after it is lost, is not ground for a new trial (see *Williams v. Beto* (5th Cir) — F2d —, decided December 28, 1965), and even though defendant's former attorney had blundered this would not have been sufficient reason for allowing the motion. See cases collated in 24 ALR 1031 and 64 ALR 439.

The judgment is affirmed.