SCHWAB, C. J.
Defendant appeals from his conviction of driving under the influence of intoxicants, ORS 487.540, and assigns as error the denial of his motion for a new trial based on the alleged incompetence of his trial counsel. Defendant contends that his trial counsel was incompetent in neglecting to call him as a witness in his own behalf and in not providing full discovery to the district attorney as to another witness which resulted in the testimony of that witness being limited. What the testimony would have been, if not limited, is not disclosed to us.
There appears to be some conflict as to whether the denial of a motion for a new trial based on grounds other than an assertion of newly discovered evidence is an appealable order.[1] We need not attempt to resolve the matter for, in any case, incompetence of trial counsel is not an issue which may be properly raised in a motion for a new trial. As was stated in State v. Doris, 243 Or 70, 72, 409 P2d 679 (1966):
"This is not claimed to be a case of newly discovered evidence and, of course, could not be * * *. Second guessing trial tactics by a lawyer coming into the case after it is lost, is not ground for a new trial * * * and even though defendant’s former attorney had blundered this would not have been sufficient reason for allowing the motion * *
Affirmed.

 Compare State v. Thomson, 203 Or 1, 16, 278 P2d 142 (1954) (order denying motion for new trial not appealable), with State v. Langley, 214 Or 445, 476, 323 P2d 301 (1958) (order denying motion for new trial appealable if discretion abused).